## MOSES W. CLAY et al. v. UNION WHOLESALE PUBLISHING COMPANY et al., Appellants.

### Division Two, December 22, 1906.

1. **APPEALS: Abstract: Insufficient.** Record matters proper and matters of exception should not be so confounded in the purported printed abstract that those of the one cannot be distinguished from those of the other. To set out the pleadings as a part of the abstract and to immediately follow them with everything else therein as if every other such thing were a part of the record proper, is the same as an abstract without a bill of exceptions.

2. ————: ————: **Bill of Exceptions.** A bill of exceptions must not only be approved and signed by the trial judge; there must also be set out so much of the record entry as shows when the bill was filed, whether in vacation or in term time, and whether or not within time properly allowed.

3. ————: ————: **Corporation: Receivership.** Where the pleadings sufficiently state a cause of action by stockholders to have a receiver appointed to wind up its affairs, because of a perversion of its funds by its officers and a misuse of the franchise by them, the judgment of the trial court in accordance with the petition, the abstract being in such shape that the bill of exceptions cannot be considered, will be affirmed.

Appeal from Pettis Circuit Court.—*Hon. George F. Longan,* Judge.

AFFIRMED.

*C. H. Nearing* for appellants.

(1) Complainant has no interest in the corporation and has no right to ask for a receiver. (2) Complainant, when connected with the corporation, was a party to all the transactions of which complaint is made and cannot complain of the same. (3) Complainant does not state facts sufficient to constitute a cause of action or any grounds for the appointment of a receiver. The petition does not disclose a controversy for any other relief except the appointment of a receiver and does not ask it as a provisional remedy pending the determination of some other controversy; consequently, the court had no authority to appoint a receiver. Miller Bros. v. Perkins, 154 Mo. 637; State v. Ross, 122 Mo. 435; Beach on Receiver, sec. 57; 17 Ency. Pl. & Prac., p. 681. (4) The court erred in not sustaining the demurrer to the intervening petition and also the demurrer to the evidence of E. D. Mott, J. B. Jeffers and J. M. Jeffers. These petitions are not sufficient to sustain a cause of action upon any theory. The principal contention seems to be based upon a rescission of the contract of purchase of the stock because it was induced by fraud. If that was true, a tender back of the stock would be necessary before a suit could be maintained. This was not done, but interveners further claim the right to intervene because they were stockholders. As stockholders the petitions contain no facts authorizing the appointment of a receiver.

*R. J. Ingraham, Horace H. Blanton* and *Walsh & Morrison* for respondents.

(1)  The action is maintainable by Mr. Clay.  R. S. 1899, secs. 1338, 1339, 1340.  (2)  The interveners are entitled to maintain the suit on their own behalf.  17 Am. and Eng. Ency. Law (2 Ed.), 184; Poehlman v. Kennedy, 48 Cal. 201; 17 Enc. Pl. and Pr., 705; Brown v. Iron Co., 134 U. S. 535; Hollins v. Coal Co., 150 U. S. 380; Florida Land & I. Co. v. Merrill, 52 Fed. 77, 60 Fed. 17.  (3)  Appellants' abstract of the record is defective.  St. Charles ex rel. v. Deemar, 174 Mo. 124; Kirk v. Kane, 97 Mo. App. 556; Ricketts v. Hart, 150 Mo. 64; Fast v. Gray, 105 Mo. App. 694; Will v. Railroad, 167 Mo. 223; Hamilton-Brown Shoe Co. v. Williams, 91 Mo. App. 511.

FOX, J.—This cause is now pending in this court upon appeal from a decree and judgment rendered by the circuit court of Pettis county, Missouri.  The nature and character of this proceeding as well as the defenses thereto, as disclosed by the record proper, may thus be briefly stated:

This action was originally instituted by M. W. Clay, who brought the suit on behalf of himself and all other persons similarly situated, who might join in the proceedings and contribute to the costs and expenses thereof.  The suit is brought by Mr. Clay as a stockholder of the Union Wholesale Publishing Company against the corporation and V. D. Snyder, president, and F. W. Stewart, secretary, in accordance with the provisions of sections 1338, 1339, and 1340, Revised Statutes of Missouri 1899, alleging that the defendants are using the corporation as a means of defrauding various persons, and that the directors of the company have violated their duties and abused their powers, as directors, trustees and officers of the cor-

poration, and have been guilty of gross misconduct in the management of the business and are threatening to convey the remainder of the company's property. The relief prayed for was that the directors, managers and officers be compelled to account for their official conduct in the management and disposition of the funds, property and business of said company; that the court order and decree the payment by them to the company, or any receiver appointed therefor, of all sums of money and the value of the property which may have been acquired by themselves or transferred to others, or lost or wasted by the violation of their duties and the abuse of their power as such directors and officers, and that said directors and officers be suspended from exercising their offices, and that one or more receivers be appointed to take charge of the real estate or personal property owned, held or claimed by the Union Wholesale Publishing Company, to account for the same to the stockholders of said company and to preserve and keep the same intact for the persons who may be found entitled thereto, and that defendants, and each of them, be restrained and enjoined from conveying, transferring or alienating any of the property, assets or affects of said Publishing Company to any person whatever, and for such other and further relief as plaintiff, and those who might join in the action, might be entitled to in equity and good conscience.

Several persons came forward and intervened in the cause, among whom were E. D. Mott, J. B. Jeffers and 'J. M. Jeffers. These three interveners filed separate petitions alleging a similar state of facts and asked similar relief, namely, the interveners alleged that V. D. Snyder and F. W. Stewart, by false and fraudulent representations, induced each of the interveners to purchase stock of the par value of one thousand dollars, representing that the same was fully

paid up, and that the business of the corporation was legitimate and successful. And further alleging that the business of the corporation was fraudulent and that illegal and dishonest contracts were being entered into, which the defendants did not intend to carry out, and had not the means of carrying out, and that the defendants Stewart and Snyder were mismanaging and misappropriating the assets of the company and diverting money to their own use and jeopardizing the interests of the stockholders. The interveners prayed for an injunction against the defendants enjoining them from disposing or transferring the assets of the company, and that an accounting be had and a receiver appointed for said company, and such other and further orders and judgments as to the court might seem just and proper. The intervening petitions of the three interveners are practically alike.

The defendants filed an answer to the petition of Moses W. Clay, alleging that Mr. Clay represented to Snyder and Stewart that he was a man of large means and that he desired to become engaged in the business of selling books, etc., and would subscribe for ten thousand dollars of the capital stock of the company, and that he, with Snyder and Stewart, organized the Union Wholesale Publishing Company; and that Mr. Clay was one of the first directors and that he took an active interest in the same, and conducted and had the management of its affairs and controlled the policy of the same. The answer further alleged that Mr. Clay had failed to pay for his stock and that he had been notified by the directors in June, 1901, to pay for the same within sixty days or the same would be forfeited, and that after the expiration of said notice said Clay having failed to pay for the stock, the same was forfeited and that said Clay has no interest in the corporation of any nature whatsoever.

The answers filed to the intervening petitions were general denials.

G. F. Haskins, Frank C. Moyer, J. E. Phillips and John Zenner, also intervened in this cause, but their intervening petitions were dismissed before judgment was rendered, and hence did not enter into the determination of the present case.

At the close of the hearing of this case the court rendered the following decree:

"Now, on this day the taking of the testimony heretofore concluded, and the court having heretofore heard the argument of the counsel for the respective parties, the court doth order, adjudge and decree as follows:

"First. The court doth find the issues for the plaintiff and E. D. Mott, J. M. Jeffers, J. B. Jeffers, intervening petitioners, and doth order and decree that the temporary injunction heretofore issued herein be made permanent. And that the defendant, the Union Wholesale Publishing Company, its directors, officers and agents, be and the same are hereby ·forever restrained and enjoined from conveying, transferring or· alienating any of the property, assets or effects of said company to any person whatever, or from in any wise or to any extent controlling or attempting to exercise any control whatever over any books, accounts, property or assets of said company.

"Second. The court doth order and decree that C. M. Mulkey be and he is hereby appointed receiver of all the property and assets of said Union Wholesale Publishing Company, and the said receiver, or his successor, is hereby authorized to take charge and possession of all the books, accounts, property, real and personal, belonging to said Union Wholesale Publishing Company, and to account for the same to the court, for the benefit of the creditors and shareholders of said

company, and to preserve and keep them until duly ordered sold by the court, and all said property of said company is hereby vested in said C. M. Mulkey, receiver, or his successors, and the court doth further order and decree that said C. M. Mulkey shall duly qualify as such receiver within fifteen days from this date by filing his bond as such receiver, with at least two freeholders, in the sum of $10,000, and that failing so to do a vacancy in such receivership shall exist, to be filled in vacation on motion of either party or the judge of the court; and said receiver is hereby ordered to make immediate report and file a schedule of all the properties and assets of said company as soon as he shall take possession of the same, and further obey such orders of the court touching the premises, as the court shall make from time to time, in term or vacation.

"Third. The court doth order, decree and adjudge that the plaintiff have and recover its costs herein laid out and expended against the said Union Wholesale Publishing Company.

"Fourth. The court doth find the issues for the following intervening petitioners, to-wit, the plaintiff and E. D. Mott, J. M. Jeffers and J. B. Jeffers, and doth order, decree and adjudge that said intervening petitioners be and the same are hereby declared creditors of said Union Wholesale Publishing Company to the following amounts .......... and the court doth order that the said intervening petitioners shall be paid pro rata out of the funds distributed by the receiver, on the further order of this court, for the payment of dividends to creditors."

From this decree and judgment defendants prosecuted their appeal, and the record is now before us for consideration.

## OPINION.

At the very inception of the consideration of this cause we find that the sufficiency of the abstract of record is challenged by respondents, and that question must first be determined, for it is apparent if the contention of respondents in respect to the abstract of record is to be maintained, then there is nothing for review before this court except the record proper.

We have carefully and critically examined the abstract as furnished by appellant and have reached the conclusion that it is insufficient and fails to comply with the well-defined rules of this court. In the first place, it cannot be determined from this abstract of record, commencing after the reply was filed by the respondents to the new matter in the answer, as to what constitutes the record proper, and that part of it which is made a part of the record by the filing of the bill of exceptions. We find after the reply is inserted that appellants start out in the abstract by denominating it simply "an abstract of the evidence;" then follows what purports to have been the evidence, as well as the judgment and decree and the action of the court upon the motions to vacate the order appointing a receiver and for a new trial, and finally concludes with "on the 31st day of October, 1903, defendants present their bill of exceptions and pray that the same may be signed and filed and made a part of the record in this case, which is accordingly done this 31st day of October, 1903.      George F. Longan, Judge."

If this is the bill of exceptions then it is manifest that appellants have improperly confounded in such bill matters which pertain to the record proper with those which should only be embraced in the bill of exceptions preserving the exceptions to the action of the court during the progress of the trial. But aside from this, there is nothing in the abstract of record which shows that the bill of exceptions was filed. It is essen-

tial to a proper abstract of record that it should show
that the bill of exceptions was either filed by the clerk
in vacation or that it was filed in term time by a proper
order of court duly entered of record.  While perhaps
it would not be necessary to set out in full the entry of
the record showing the filing of the bill of exceptions,
yet there should be a statement in the abstract, if the
bill of exceptions was filed in term time, that
it was so filed, and that the filing was evi-
denced by an entry of record duly made by
the court; if filed in vacation, a statement
should be made that it was duly filed in vacation within
the proper time by the clerk of the circuit court of the
county in which the cause was tried.  The concluding
part of the bill of exceptions signed by the judge, as
heretofore indicated, by no means supplies the defect
of this abstract of record as herein pointed out.  It is
apparent that the closing sentence as suggested and
signed by the judge, was embraced in and a part of
the bill of exceptions.  So far as the filing of that bill
is concerned, the abstract of record before us is ab-
solutely silent.  As was ruled in the case of St. Charles
ex rel. v. Deemar, 174 Mo. 122, the recitals in the bill
of exceptions can by no means supply other necessary
and essential record entries.  So far as this abstract
discloses there is nothing to distinguish the matters of
record from those which are purely matters of excep-
tion, and can only be made a part of the record by
filing a duly authenticated bill of exceptions.  This ab-
stract is very similar to the one in Reno v. Fitz Jarrell,
163 Mo. 411.  In that case, as in the case at bar, the
court was unable to tell where the bill of exceptions
began or ended, and it was held insufficient; and the
ruling in that case was approved in State v. Baty, 166
Mo. 561.  It therefore follows that there is nothing be-
fore us in this proceeding for review except the record

proper. Directing our attention to such record it is sufficient to say that we have carefully and critically examined the petition of the plaintiff as well as the petitions by the interveners, and find that they fully and properly state a good cause of action, and from the facts therein stated were clearly entitled to the relief awarded them by the decree and judgment of the court.

Finding no reversible error in the record before us, the decree and judgment of the trial court should be affirmed, and it is so ordered.

All concur.