## PENNOWFSKY v. COERVER, Appellant.

**Division One, June 29, 1907.**

1. **NO ABSTRACT: Dismissal.** Where there is no certified copy of the record entry of the judgment appealed from, showing the term and day of the term, month and year when the same was rendered, nor, in lieu thereof, any perfect transcript or abstract showing any judgment or order granting an appeal; nor any abstracted record entry showing a motion for a new trial filed at a given date and a given term, or overruled, nor a bill of exceptions filed in vacation or time given to file in vacation, the appeal will be dismissed.

2. **RECORD ENTRIES: In Bill.** Record entries proper have no place in the bill of exceptions. The bill is filed after the judgment and entry of filing of motion for new trial, and entry of the ruling of the court thereon, and of the order granting the appeal, and of the order for time in which a bill of exceptions may be filed, are all spread upon the record, and hence those entries and orders have no place in the bill, and are not preserved for consideration if found only therein and the printed abstract thereof. And being absent from the record proper, the appeal will be dismissed.

Appeal from Cape Girardeau Court of Common Pleas. —*Hon. John A. Snider,* Judge.

APPEAL DISMISSED.

*Robert L. Wilson* for appellant.

*Wilson Cramer* for respondent.

LAMM, J.—This was a suit in common form in ejectment in the Cape Girardeau Court of Common

Pleas to recover possession of part of two lots "in range D" in the city of Cape Girardeau, 43 feet front by 168 feet in depth, described by metes and bounds. Ouster is laid as of the 29th of August, 1901.

The answer raised legal defenses, only, to-wit: a general denial, a plea of defendant's right to possession under a lease from a landlord who was plaintiff's grantor, and, hence, the common source of title, and full performance of the terms of the lease on defendant's part.

The replication was a general denial.

At a trial to a jury, *semble,* the verdict was in favor of plaintiff, and defendant *ostensibly* appealed; but through inadvertence he has made it impossible for us to consider his appeal, and it must be dismissed for reasons. For instance:

(1) Because (*imprimis*) there is here no certified copy of the record entry of the judgment appealed from, "showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal," as required by section 813, Revised Statutes 1899. Nor is there here, in lieu thereof, any perfect transcript or abstract showing any judgment whatever or order granting an appeal.

(2) Because other necessary record entries are absent, in that there is no record entry abstracted showing a motion for a new trial filed at a given date and a given term; in that there is no record entry abstracted showing such motion overruled; in that the abstract shows the bill of exceptions was filed in vacation, and there is no record entry showing that time was given to file said bill of exceptions. These things each and all do appear in the bill of exceptions; but a bill of exceptions is settled and filed, in natural sequence, *after* the foregoing things are spread of record in the record proper. Its office is to make what was

*not* of record, a part of the record. It is evidence of nothing except what belongs in it, even after it is vitalized by being allowed, signed and filed. A bill of exceptions is, what its very name imports, a receptacle for exceptions and is not a fit legal vessel to hold matter belonging to the record proper; hence, a recital in such bill cannot be held evidence of such matter, *secundum artem.* [Bick v. Williams, 181 Mo. 526; State v. Ryan, 120 Mo. 88; Webster County v. Cunningham, 101 Mo. 642; Western Storage & Warehouse Co. v. Glasner, 150 Mo. 426, and cases cited; Butler County v. Graddy, 152 Mo. 441; Hogan v. Hinchey, 195 Mo. 1. c. 533; Harding v. Bedoll, 202 Mo. 625; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407; sec. 728, R. S. 1899. See, generally, authorities collated by the learned annotator in Ann. Stat. 1906, p. 784, *et seq.*]

With patience, line upon line and precept upon precept, we have steadily pointed out what the "record proper" is, and the mandatory requirements of statutes and of appellate rules calling for an abstract of the record proper, as such. Over and over again it has been pointed out that no part or parcel of the record proper has lot or place in the bill of exceptions; and if put into such bill and left out of the abstract of the record proper, it is a fatal infirmity. In saying so, our Yea has been yea — our Nay, nay, to the crossing of a "t" and the dotting of an "i."

Peradventure, by continued iteration and reiteration, this bread cast upon the waters will return to us in many days in the form of orderly obedience to positive law, so that the unhappy result to our brethren of the bar of a case riding off on anything short of its merits will come to an end, or grow small by degrees. So mote it be.

The appeal is dismissed.

All concur.