STARK BROS., Appellants, v. ED MARTIN et al., Respondents.

Kansas City Court of Appeals, November 4, 1907.

APPELLATE PRACTICE: Exceptions: Motion for New Trial. Where no exception is saved to the ruling of the court on admission of evidence and there is no showing of when the motion for new trial was filed, there is nothing before the appellate court but the record proper, which in this case is found without error.

Appeal from Schuyler Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*S. W. Mills, John D. Smoot* and *Edward E. Campbell* for appellant.

(1) The instrument and contract sued upon and made the basis of this foreclosure proceeding is in effect an equitable mortgage and amply sufficient as such to charge the land described therein with a lien as against all the defendants and as such should have been ad-

mitted in evidence. Stark v. Anderson, 104 Mo. App. 128; Martin v. Nixon, 92 Mo. 34; in which were cited among others, McQuie v. Peay, 58 Mo. 56; Racouillat v. Sansevain, 32 Cal. 376; case of Leiweke v. Jordan, 59 Mo. App. 623.

*C. C. Fogle* and *Higbee & Mills* for respondents.

Respondents contended in the court below that the contract sued upon is not a mortgage, or a lien; there are no apt words to convey or impress a lien, if Sommer had title; it does not undertake or purport to convey any interest, or to charge the land. Nalle v. Paggi, 1 L. R. A. 33; Cole v. Hughes, 54 N. Y. 345; Miller v. Noonan, 12 Mo. App. 373, 83 Mo. 343; Huling v. Chester, 19 Mo. App. 611.

ELLISON, J.—This action was brought to enforce a lien against real estate. The judgment was for the defendants in the trial court. The plaintiffs appealed the case to the Supreme Court on the ground that title to real estate was involved, but that court was of a different opinion and transferred the case to this court.

The pleadings in the cause are all set forth in plaintiffs' abstract of the record. There then follows this statement: "Jury waived and cause submitted to the court on the pleadings and evidence in support thereof. And upon the introduction by plaintiffs of the contract filed in said cause, the defendants object and said objections are sustained by the court. Whereupon plaintiffs take a voluntary nonsuit with leave to file motion to set same aside."

The contract thus ruled upon by the court is nowhere set out. The petition alleges that a copy of it was therewith filed, but such copy has not been preserved in the abstract. We are therefore without data whereby we might pass upon the ruling of the trial court. Furthermore, it does not appear that any exception was taken to the ruling.

Aside from this the abstract makes no distinction between the bill of exceptions and the record proper and we have no means of ascertaining which of these the recitals which are set out come under.

It appears that a motion for new trial was filed, but there is nothing to show whether it was at the same term of court at which the trial was had, or whether it was within four days of such trial.

There being no exception saved to the ruling of the court on the contract above mentioned; and it not being shown when the motion for new trial was filed, we have nothing before us by way of exception. The abstract presented has been frequently condemned by the Supreme Court. [Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992; Clay v. Union Wholesale Pub. Co., 200 Mo. 665.]

Discarding all matter of exception and going to the record proper as set out, we do not find any error and hence must affirm the judgment. All concur.