## JOSEPH W. THOMPSON et al., Appellants, v. ELIZABETH RUDDICK. et al.

**Division One, July 3, 1908.**

1. **ABSTRACT: Commingling Matters of Record and. Exception.** The abstract should indicate by its own internal arrangement what is record proper and what is matter abstracted from the bill of exceptions; and where appellants have brought up a bundle of things, consisting of entries, orders, deeds, testimony, instructions, exceptions, etc., tied together without distinction or explanation, and so mingled and arranged that it cannot be told what is record proper and what is matter of exception, the judgment on plaintiff's appeal, if the judgment is responsive to and supported by the pleadings, will be affirmed.

2. ————: ————: **Dismissal.** But the appeal will not be dismissed where plaintiff is the appellant and has brought up a wholly insufficient abstract, for an appeal lies without a bill of exceptions, and even where the abstract is in such shape that no exception can be considered the record proper is still for consideration, and where the judgment is responsive to and supported by the pleadings the judgment, in such case, will be affirmed.

Appeal from Clark Circuit Court.—*Hon. Chas. D. Stewart,* Judge.

AFFIRMED.

*T. L. & L. J. Montgomery* for respondents.

The purported "abstract of the record" filed in this cause does not comply with section 813 of the statute and rules 11 and 13 of this court and presents nothing for review. The cause should be dismissed for the following reasons: The abstract does not show a single record entry in the cause. That is to say: (1) Does not show any bill of exceptions was ever filed in the cause. (2) Does not show that any motion for a

new trial or in arrest of judgment was filed or any action of the court thereon. (3) Does not show any record entry of the filing of the pleadings. (4) There is no index to the purported abstract of the record. (5) Said abstract is simply excerpts from a purported bill of exceptions. (6) It does not "set forth a copy of so much of the record as is necessary to be considered in the disposition of the assigned errors." Stark v. Zehnder, 204 Mo. 448; Hill v. Butler Co., 195 Mo. 514; State v. St. Louis, 174 Mo. 125.

*Whiteside & Yant* for appellants in reply.

(1) Index to abstract of record and brief having been overlooked when our brief was printed, we here supply it. (2) Our abstract of the record was made from the record and not from the bill of exceptions. We, perhaps, should have taken the record entries up until the filing of the bill of exceptions without showing our exceptions to the orders of the court and then dealt with the exceptions afterwards, but we have taken it in regular order, getting all our record entries, however, from the record proper. Our idea was that an abstract in narrative form, and reciting the various entries instead of copying them literally, would be sufficient. Martin v. Castle, 182 Mo. 216.

LAMM, J.—In 1836, William H. Thompson entered the southeast quarter of the southeast quarter and the southwest quarter of the northeast quarter of section 12, township 63, range 6 in Clark county, Missouri, and died in the 50's or 60's at Palmyra.

The land (we infer) was in the Mississippi river bottom and shown to be subject to overflow. Thompson never took possession. On December 15, 1836, he, by two several deeds, conveyed a one-eighth interest each to Erastus Palmer and to William Brown. On April 27, 1837, he deeded a one-eighth interest to Stephen Negus and John Barclay.

A quarter of a century or more ago one William Ruddick took possession under color of title, built dykes, and levees, dug ditches, cut the willows, subdued the land and (struggling with recurring floods) farmed it, paid the taxes for twenty-four years and died leaving a widow and children.

Ruddick's title originated in tax deeds, and in a quit-claim deed from the executors of the will of said William Brown. Finally, plaintiffs, as heirs of Thompson, sued defendants as the widow and heirs of said Ruddick in partition. Such things developed in that case that plaintiffs were forced to bring this ejectment against the widow and heirs of Ruddick and their tenants in possession to try title and recover possession of a five-eighths interest, as a step towards partition.

Plaintiffs' theory at the trial was that while defendants and their ancestor were in possession for the statutory period of limitations, yet such possession was merely that of one out of several tenants in common, i. e., it was held for all, therefore, the Statute of Limitations did not run in their favor to create title or as a bar. And such is their position on appeal.

The theory of defendants was the opposite of that. As a bar to ejectment and as creating title in themselves, they pleaded by way of answer that said Ruddick and his tenants and, since his death, these defendants and their tenants have held open, notorious, continuous and exclusive adverse possession under claim of ownership as against the whole world for more than ten years. And such is now their contention.

At a jury trial in the Clark Circuit Court the issues were found for defendants, and plaintiffs appealed.

In this court, defendants (among other points) insist the abstract is imperfect and does not comply with our rules as interpreted by our decisions. An examination of it discloses this is so. Plaintiffs have brought

here a bundle of things, tied together without earmark or explanation, consisting of entries, orders, deeds, testimony, instructions, exceptions, etc., all so mingled and arranged that it is out of the question to tell what is record proper, and what is matter of exceptions.

We have often and often held that there is a significant distinction in substance between matter of exception and matter of record proper and that such distinction should be preserved in making abstracts. We have dismissed cases because appellants have relied on narrations in the bill of exceptions relating to matter that pertains solely to the record proper, and *vice versa.* It has been held in effect that in some reasonable way the abstract should indicate by its own internal arrangement what is record proper and what is matter abstracted from the bill of exceptions— where the one ends and the other begins. [Stark v. Zehnder, 204 Mo. l. c. 448, *et seq.;* see also, Harding v. Bedoll, 202 Mo. l. c. 630; Pennowfsky v. Coerver, 205 Mo. l. c. 137.]

The moral is that there is a place for everything and everything should be in its place. This, in order that we may see that the matter brought here is authenticated as coming from a legitimate source. Of what avail, indeed, would be our rulings requiring record proper to be abstracted as such, and the bill of exceptions to be abstracted as such if an appellant may be allowed to produce here his entire record so confused that record entry and exceptions are undistinguishably woven together and so that no court can tell from what receptacle the one or the other came? If we, without furnished chart, must sort out and divide record entries relating to the filing and the overruling of motions, the allowance of an appeal, the settling and filing of the bill of exceptions, etc., from those matters which must alone appear in a bill of excep-

tions, our action might be wide of the mark as mere guess work.   Therefore, in some way the abstract should show that the rulings of the court and the exceptions thereon were preserved in a bill of exceptions.

Defendants insist that the appeal should be dismissed, but this ought not to be done because an appeal lies without a bill of exceptions, provided appellants desire to take that course and rest their case on the record proper.   Accordingly, we have examined the pleadings and judgment.   We find the latter is responsive to and supported by the former.   But, being unable to tell with certainty from the abstract what exceptions were preserved in a bill of exceptions, we are obliged to treat the case as if there was none.   It must be obvious that there should be one rule of appellate practice for all, and that rule enforced against all.   Otherwise, those who obey the rules gain nothing by their obedience and those who disobey them lose nothing by their disobedience.

The premises considered, the judgment should be affirmed.

It is so ordered.   All concur, except *Valliant, P. J.,* absent.