CITY OF MACON ex rel. QUINCY NATIONAL BANK, Respondent, v. JOSEPH JAEGER, Appellant.

Kansas City Court of Appeals, November 16, 1908.

1. APPELLATE PRACTICE: Abstract: Record Proper: Motion for New Trial. Though a motion for new trial be noted in the bill of exceptions, yet if the record proper does not show the filing of such motion there is no motion for new trial for review in the appellate court.

2. ———: ———: ———: Bill of Exceptions. An abstract commingling matters of exception with matters of record proper so as to leave the appellate court without means of distinguishing the one from the other is condemned.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton*, Judge.

AFFIRMED.

*R. S. Matthews, Otho F. Matthews* and *R. W. Barrow,* for appellant, filed brief and argument.

*Guthrie & Franklin* for respondent.

Respondent's motion to affirm should be sustained. (a)   There is no way of distinguishing what is matter of exceptions from what is record proper in appellant's brief and abstract.   The brief and abstract of appellant in this case leave the appellate court wholly in the dark as to this necessary distinction.   Stark Bros. v. Martin, 126 Mo. App. 575; Thompson v. Ruddick, 213 Mo. 561, 111 S. W. 1131.   (b)   The recitation in the bill of exceptions cannot be made a vehicle to carry into an appellate court that which is matter of record.   Crane v. Crane, — Mo. App. —, 111 S. W. 884; State ex rel. v. Holland, 116 Mo. App. 345; Western Storage Co. v. Glasner, 150 Mo. 426; Clay v. Publishing Co., 200 Mo. 665; Reno v. Fitzgerald, 163 Mo. 411.   (c)   Nor is there an abstract of the record proper showing the filing of the motions for new trial and in arrest and the ruling of the court thereon.   Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Pennowfsky v. Coerver, 205 Mo. 136; Mink v. Chesney, 110 Mo. App. 334; Redd v. Railway, 112 Mo. App. 93.

ELLISON, J.—This action was brought on a special taxbill issued by a city of the third class for street improvements in such city.   The judgment in the trial court sustained the taxbill and defendant appealed.

Relator asks that the judgment be affirmed on the ground that the record, as preserved in the abstract, does not preserve any error in the trial.   An examination of the abstract discloses a record proper in which appears the petition and answer.   Then follows matters of exception which must be set forth in a bill of exceptions.   These are the proceedings at the trial, the result thereof, the action of the court on the motion

for new trial, etc.  Here the motion for new trial is noted in the bill of exceptions, but the record proper, as distinguished from the bill of exceptions, does not show that such motion was ever filed and the case is thus left without a motion for new trial.  When there is no motion for new trial, all matters of exceptions are out of the case and all that can be noticed on the appeal is what may arise on the record proper.  More than this, there is no distinction made in the abstract between those matters which should appear in the record proper and those which should appear in the bill of exceptions, and we are thus left without any way of knowing what was intended to be stated as matter of exception and what was intended as a mere recitation of the record.  Decisions have been made on the points here involved a great number of times, among others the following:  Clay v. Union Publishing Co., 200 Mo. 665; Stark v. Zehnder, 204 Mo. 442; Stark Bros. v. Martin, 126 Mo. App. 575; Harding v. Bedoll, 202 Mo. 630; Pennowfsky v. Coerver, 205 Mo. 135.  The latest announcement by the Supreme Court, is found in Thompson v. Ruddick, 213 Mo. 561, 111 S. W. 1131.

There being no error in the record proper, the judgment is affirmed.  All concur.