PHOENIX STONE & LIME COMPANY, Respondent,
v. GEORGE W. HUGGINS, Appellant.

**Kansas City Court of Appeals, February 1, 1909.**

APPELLATE PRACTICE: Abstract Motion: Bill of Exceptions:
Supplemental Abstract. The abstract should show that the
record proper discloses that the motion for new trial and the
bill of exceptions were filed, and mere recitations in the bill
itself will not suffice; and a supplemental abstract presented
at the hearing cannot be noticed save by consent of the par-
ties.

Appeal from Jackson Circuit Court.—*Hon. Thomas J.
Seehorn*, Judge.

AFFIRMED.

*G. B. Silverman*, for appellant, submitted brief on
merits.

*Scarritt, Scarritt & Jones* for respondent

(1) The record in this cause printed and filed by
the appellant fails to show the filing of a motion for a
new trial, or the filing of a bill of exceptions, and there-
fore the exceptions relied upon by the appellant cannot
be reviewed in this court, and there being no error as-
signed on the record proper the judgment should be af-
firmed. Harris v. Kobusch, 127 Mo. App. 441; Ellman
v. Schultz, 127 Mo. App. 203; In re Boeckenkamp, Est.,
127 Mo. App. 16; Downs v. Packing Co., 127 Mo. App.
688.

ELLISON, J.—This action is on an account for
cut stone furnished defendant at his instance and re-
quest. The judgment in the trial court was for the
plaintiff.

136 App—14

The abstract of the record presented here does not show by the record proper that any motion for new trial was filed, or that there was a bill of exceptions filed. The bill of exceptions shows those things, but it has been ruled a great number of times that they must be shown by the record proper.

Defendant presented at the hearing a paper denominated a supplemental abstract. This was done without consent and cannot be noticed. [Thompson v. Ruddick, 213 Mo. 561, 111 S. W. 1131; Clay v. Pub. Co., 200 Mo. 665; Stark v. Zehnder, 204 Mo. 442; Stark v. Martin, 126 Mo. App. 575; Harding v. Bedoll, 202 Mo. 630; Pennowfsky v. Coerver, 205 Mo. 135; City of Macon v. Jaeger, 133 Mo. App. 643, 113 S. W. 1138; Gray v. Railway (decided this term).]

There being no error in the record proper, the judgment is affirmed. All concur.