THE STATE ex rel. ANNIE BROWN v. BROADDUS et al., Judges.

In Banc, February 2, 1909.

1. ABSTRACT: Record Facts. It is unnecessary to set out in the abstract record facts in literal copy, but it is sufficient and preferable to set them out in abbreviated narrative form. When so stated they are to be taken as conclusively true, unless brought into question by a counter abstract.

2. ———: ———: Affidavit. A recital in the abstract that "said defendant filed its application and affidavit for an appeal from said judgment, which application . . . was allowed and said appeal granted" sufficiently shows that an affidavit was filed.

3. APPEAL: Affidavit: Jurisdiction of Appellate Court. Conceding that the circuit court has no jurisdiction to grant an appeal unless the statutory affidavit is filed, it does not follow that the order granting the appeal is to be treated in the appellate court as void because the affidavit does not appear in the record, in the face of the fact that the order of the circuit court says on its face that an affidavit for an appeal was filed.

4. ———: ———: ———: Insufficient Abstract: Collateral Attack: Certiorari. Insufficiency in an abstract may justify an appellate court in dismissing an appeal, but cannot rob it of its jurisdiction if there is otherwise sufficient in the record on file to give it jurisdiction. If the appellate court has jurisdiction of the cause, it has jurisdiction to pass upon the sufficiency of the abstract, and even if its judgment on that question is wrong it is only error. Neither its judgment on that point nor its judgment on the merits is open to collateral attack. The Supreme Court cannot, in a cause brought to it on

a writ of *certiorari*, quash the record of a Court of Appeals if it had jurisdiction of the cause, on the ground that there is error in its judgment.

5. **JURISDICTION: Circuit Court: Presumption of Regularity: Affidavit for Appeal.** A circuit court is a court of general jurisdiction, and whenever its act is drawn in question it is supported by a strong presumption of its regularity. And that presumption prevails to sustain its jurisdiction to perform any act which the statute imposes upon it. So that where the record recites: "Now comes the defendant and files affidavit for appeal in this cause and the same being by the court examined and deemed sufficient an appeal is granted in this case," the presumption is, nothing to the contrary being shown, not only that the affidavit was filed, but that it was in substantial statutory form.

·6. **APPELLATE JURISDICTION: How Determined.** Sometimes it may be determined from the short transcript (the certified copy of the judgment and order of appeal) whether the Court of Appeals or the Supreme Court has jurisdiction; but cases often arise where the jurisdiction is to be determined from the abstract. For instance, if the appeal was from a monetary judgment of less than $4,500, the short transcript would indicate that the appeal was to the Court of Appeals, but the abstract might reveal that a constitutional question was involved, in which case the appeal would be to the Supreme Court.

## Certiorari.

WRIT QUASHED.

*H. W. Currey, Geo. V. Farris* and *W. J. Owen* for relator.

(1) An affidavit complying, substantially, with Sec. 808, R. S. 1899, is a jurisdictional prerequisite to taking an appeal in any case. Sehested v. Kansas City (Mo. App.), 68 S. W. 1068; State ex rel. v. Broaddus (Mo. Sup.), 108 S. W. 504; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 407; Railroad v. Powell, 104 Mo. App. 362. (2) The record which is provided for by section 813 must show that the affidavit for appeal filed contained the statement "that the appeal

216 Sup—22

prayed for was not made for vexation or delay, but because appellant was aggrieved by the judgment and decision of the court," otherwise, the appellate court has no jurisdiction to review the proceedings of the trial court. (3) The statement of appellant contained in the record cannot be considered the "Abstract of Record" required by section 813. Nolan v. Johns, 126 Mo. 167; Everett v. Butler, 192 Mo. 564.

*John A. Eaton* and *E. H. McVey* for respondents.

(1) The Kansas City Court of Appeals had jurisdiction of the subject-matter and of the parties. The questions raised in the appellee's argument before the Kansas City Court of Appeals concerning the steps taken to appeal the cause were as much in the case as any other questions, and the action of the Kansas City Court of Appeals is final. State ex rel. v. Broaddus, 207 Mo. 122; Sublette v. Railroad, 198 Mo. 192; State ex rel. v. Smith, 173 Mo. 421. (2) The abstract of record filed in the cause is sufficient under the statutes. Harding v. Bedoll, 202 Mo. 630; State ex rel. v. Smith, 172 Mo. 455; Badger Lumber Co. v. Knights of Pythias, 157 Mo. 380; Ricketts v. Hart, 150 Mo. 68, 73 Mo. App. 648; Brown v. Root, 108 S. W. 922; Inks v. Brakebill Bros., 119 Mo. App. 162; Leach v. Bond, 108 S. W. 596. (3) Where the abstract of record recites in narrative form the steps taken to appeal the cause and the opposing party questions the truth of the narration, his remedy is the filing of an additional abstract wherein he may set out in full the defects he desires to urge. Failing so to do, the recitals in the abstract are conclusively presumed to be true. There is no rule for the dismissal of the cause under the facts presented in this record. Badger Lumber Co. v. Knights of Pythias, 157 Mo. 380; Ricketts v. Hart, 73 Mo. App. 648, 150 Mo. 68; Brown v. Root, 108 S. W. 25; Inks v. Brakebill Bros., 119 Mo. App. 162.

VALLIANT, C. J.—In a suit in the circuit court of Jasper county, wherein the relator herein was plaintiff and the Consolidated Light, Power and Ice Company, a corporation, was defendant, the plaintiff recovered a judgment for $4,000, and the cause was carried by the defendant's appeal to the Kansas City Court of Appeals, where the judgment was reversed and the cause remanded. Relator then filed her petition in this court praying for a writ of *certiorari* to bring up the record in that cause, to the end that the proceedings in the Court of Appeals might be quashed. The writ issued as prayed and in obedience to its exigency the record in that cause is now before us.

From that record it appears that the cause was carried to the Court of Appeals on what we call a short transcript, that is, a certified copy of the judgment and order granting the appeal, as prescribed in section 813, Revised Statutes 1899, which was supplemented by a printed abstract of the record as that section also requires. But it appears that the abstract did not contain the affidavit for the appeal or a statement of its contents, and that is the sole point on which the relator relies to sustain the proposition that the Court of Appeals acquired no jurisdiction of the cause. The abstract does show that on the face of the record proper it appears that an affidavit for appeal was filed and that on it the order granting the appeal was founded.

We copy the following from the relator's statement of what is shown by the abstract:

"The record proper filed by the appellant in said cause contained the following relating to the appeal, printed record, page 18:

" 'Thereafter, and on December 14, 1906, the same being the 23d judicial day of the November term' of said circuit court, said cause came on for trial upon the plaintiff's amended petition, as amended, the answer of the defendant and the reply. A jury was duly

empaneled, the testimony was offered by the parties, after which the court duly charged the jury, and said jury, on the 15th day of December, 1906, returned into court their verdict in favor of the plaintiff and against the defendant therein in the sum of four thousand dollars.

" 'At the same term of said court, at which said verdict was returned, and within four days thereafter, to-wit, on the 19th day of December, 1906, the defendant duly filed herein its motions for a new trial and in arrest of judgment which motions are set out in full in the bill of exceptions hereinafter printed, which said motions for a new trial and in arrest of judgment were, at the same term of said court, and on, to-wit, December 28, 1906, overruled by the court, and within ten days after the overruling of said motions and at the same term of said court the said defendant, The Consolidated Light, Power and Ice Company, filed its application and affidavit for an appeal from said judgment, which said application, within said ten days, during the same term, and on said 28th day of December, 1906, was allowed and said appeal granted to the Kansas City Court of Appeals, and said defendant was granted and given leave to file an appeal bond, within ten days thereafter, in the sum of eighty-five hundred dollars, and said defendant, within said time, and on the 3d day of January, 1907, filed its appeal bond, which said bond was duly approved and filed. And on said 28th day of December, 1906, said defendant was, by leave of court, granted and given until the 6th day of the February term, 1907, within which to file its bill of exceptions herein, and afterwards, and within the time so allowed for that purpose, and on, to-wit, the 18th day of February, 1907, the court, by an order of record in term time, extended the time for filing said bill of exceptions until on or before March 7, 1907, and on said 7th day of March, 1907, the said defendant, The Consolidated Light, Power &

Ice Company, duly filed and presented its bill of exceptions to the court, which was, on that day, by the judge of said court, duly allowed, signed and sealed and ordered filed with the papers in this cause, and the same was on March 7, 1907; duly filed as a part of the record in this cause. Said bill of exceptions is in words and figures as follows, to-wit:' "    Then the relator in her petition continuing says:

"And this is all of the said record proper relating in any way to the appellant's appeal and affidavit. The bill of exceptions, printed as part of the said record in said cause, contains the following, relating to the appeal and the affidavit for appeal."

Then follows a statement by relator of what the bill of exceptions contains which we deem unnecessary to repeat, because the question of the jurisdiction of the Kansas City Court of Appeals in that cause must rest on what the record proper shows. Upon that showing the relator moves this court to quash the record of the Kansas City Court of Appeals and *contra* the respondents move to quash the writ of *certiorari*.

I. The abstract of the record filed by the appellant in the Court of Appeals conforms, as far as it goes, to the requirements of the statute, section 813, Revised Statutes 1899, Ann. Stat. 1906, p. 783, as interpreted by this court in many cases, among which the more recent are:  Harding v. Bedoll, 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Pennowfsky v. Coerver, 205 Mo. 135; Gilchrist v. Bryant, 213 Mo. 442; Thompson v. Ruddick, 213 Mo. 561. It properly distinguishes between those matters which ought to appear in the court record proper and those which ought to appear in the bill of exceptions. It sets out those record facts, not by literal copy, which would be unnecessary, but in abbreviated narrative form, which is sufficient and preferable. [McDonald & Co. v. Hoover, 142 Mo.

484; Ricketts v. Hart, 150 Mo. 64; Martin v. Castle, 182 Mo. 216.] In those cases it was also held that the statements in the abstract were to be taken as conclusively true unless brought into question by a counter abstract. Thus the record proper shows the judgment rendered, shows that a motion for a new trial was filed and overruled, and shows that after that and during the same term the defendant against whom the judgment was rendered filed an affidavit for an appeal and that thereupon the court granted the appeal, but neither the affidavit nor a statement of what it contained is set out in the abstract, and for that omission, relator says, the order granting the appeal was absolutely void and conferred no jurisdiction on the Court of Appeals. There is no common law right of appeal from a judgment of a court of original jurisdiction, the right is created only by statute, and can be exercised only by conforming to the terms prescribed by the statute. One of those terms is that "the appellant or his agent shall, during the same term, file in the court his affidavit, stating that such· appeal is not made for vexation or delay, but because the affiant believes the appellant is aggrieved by the judgment or decision of the court." It has been held that the filing of such an affidavit or one substantially to the same effect is essential to the authority of the court to grant the appeal and that without it the appeal is void. See the cases on this point referred to in State ex rel. v. Broaddus, 210 Mo. 1. But conceding that the circuit court has no jurisdiction to grant an appeal unless the statutory affidavit is filed, does it follow that the order granting the appeal is to be treated in the appellate court as void because the affidavit does not appear in the record when the order of the circuit court on its face says that an affidavit for an appeal was filed? Relator in her petition for this writ of certiorari says that no affidavit for an appeal was filed, and she also says that in

her brief in the Court of Appeals that court was asked to dismiss the appeal because there was no affidavit. Yet in her brief in this court she sets out in full a copy of the order granting the appeal as the same appears in the record in the circuit court and in the short transcript in the Court of Appeals, which is in these words: "Now comes the defendant and files affidavit for appeal in this cause and the same being by the court examined and deemed sufficient an appeal in this case is granted to the Kansas City Court of Appeals." We do not see how the relator can reconcile her statement in the petition that there was no affidavit with the positive statement in the court record to the contrary, unless it was intended to mean that there was no sufficient affidavit, in which event her opinion as to its sufficiency is in conflict with that of the circuit court, which, after examination, judged it sufficient, or else that she means that the abstract failed to set out the affidavit, in which event her motion to quash the record must rest on the ground that the Kansas City Court of Appeals had no jurisdiction of the cause because of insufficiency of the abstract. Insufficiency of an abstract may justify an appellate court in dismissing an appeal, but cannot rob the court of its jurisdiction if there is otherwise sufficient in the record on file to give it jurisdiction. If the appellate court has jurisdiction of the cause it has jurisdiction to pass judgment on the question of the sufficiency of the abstract and even if its judgment on that question should be wrong it is only error, neither its judgment on that question nor its judgment on the merits of the cause is open to a collateral attack. In the cause in question the short transcript of the circuit court record filed in the Kansas City Court of Appeals showed that a judgment for $4,000 had been rendered in favor of the plaintiff against the defendant, that in due time a motion for a new trial had been filed and overruled, that on the same day and during the same

term an affidavit for appeal was filed "and the same being by the court examined and deemed sufficient an appeal in this cause is granted to the Kansas City Court of Appeals." If that short transcript contained everything that was essential to give the Court of Appeals jurisdiction, then the question of the sufficiency of the abstract was for that court to decide and if its decision was wrong it was only error. In a cause brought here on a writ of *certiorari* this court cannot quash the record of the Court of Appeals in a cause of which it had jurisdiction, on the ground that there is error in the judgment.

By virtue of the provisions of section 813, Revised Statutes 1899, above mentioned, an appellant, in lieu of a full transcript of the record of the circuit court, may file in the appellate court "a certified copy of the record entry of the judgment, order or decree appealed from in said cause, showing the term and day of the term, month and year upon which the same shall have been rendered, together with the order granting the appeal, and shall thereafter within the time and manner as is now or may hereafter be prescribed by the rules of such appellate court, file printed abstracts of the entire record of said cause," etc. Thus we see that the only requirements of the statute for the short transcript are the judgment and the order granting the appeal. When a short transcript containing those essentials is filed in the appellate court that court is possessed of the cause and has jurisdiction of it, provided the judgment shows on its face that it is such a judgment as the appellate court has jurisdiction of, and provided the order granting the appeal shows on its face that the circuit court had jurisdiction to make it. If these facts, essential to the jurisdiction of the appellate court, do not appear on the face of the judgment and order as shown by the short transcript, they may be supplied by the abstract. For example, if a short transcript filed in this court shows

that the judgment appealed from is a money judgment for more than $4,500, it shows that the judgment is one within the appellate jurisdiction of this court, but if it shows a money judgment for less than that sum, then something else must be shown to give this court jurisdiction; that something else may be shown by the abstract, for example, that a constitutional question is involved. And so also a short transcript filed in one of our Courts of Appeals may show on its face a judgment within the appellate jurisdiction of that court, yet the abstract filed may show that the cause should be transferred to this court.

Thus we see that a short transcript filed may be sufficient, prima-facie, to give the court jurisdiction or it may not.

In the case at bar the short transcript shows a judgment for $4,000 and an order made at the same term reciting that an affidavit for an appeal was filed which the court examined and found sufficient and on it granted the appeal. And the abstract filed in the Court of Appeals says the same.

The circuit court is a court of general jurisdiction and whenever its act is in question it is supported by a strong presumption of its regularity. Service of process on the defendant is essential to the jurisdiction of the court to render a personal judgment against him by default. If the summons is not what the law requires, or the service such as the statute prescribes, the judgment by default against him is void, but if the circuit court renders such a judgment it will be presumed to have been founded on a lawful return of a lawful writ and that presumption will prevail until the record is produced showing either that the writ or the service was not what the law requires. That doctrine is clearly recognized by this court in numerous cases. In McClanahan v. West, 100 Mo. 309, one of the grounds on which the judgment in question in that case was assailed was that it was

silent as to the acquisition of jurisdiction by service of process, there was no recital that the party complaining of the judgment had been served with process, but this court said: "A domestic judgment, rendered by a court of general jurisdiction, cannot be impeached by the parties to it merely because the record is silent as to the acquisition of jurisdiction." And in support of that doctrine a number of decisions of this court are there cited. It has also been held in a case tried by a special judge wherein the record was silent on the question of whether or not he had duly qualified by taking the oath prescribed by the Constitution, that the presumption must be indulged that he did what the law required to qualify him to try the case.

In Adams v. Cowles, 95 Mo. 501, a judgment in another case was in question wherein the order of publication stated that it was stated in the petition that the defendants were non-residents, but on examination of the petition it was found that there was no such statement in it, and there was no affidavit of non-residence in the record that came to this court. Yet in the judgment of the circuit court it was recited that the defendant had been duly notified by publication, and this court said that we would presume that there was an affidavit in the record in the circuit court in spite of the fact that the order of publication made by the clerk did not purport to be founded on an affidavit, but on an alleged statement in the petition which the petition itself contradicted. There was also oral evidence in that case tending to show that a search had been made among the papers for such an affidavit but none was found; that search was made some ten years after the judgment in question was rendered. In the opinion in that case per BLACK, J., the court quoted with approval from Freeman on Judgments: "Hence, though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed, upon a collateral attack, that the court, if of

general jurisdiction, has acted correctly, and with due authority, and its judgments will be as valid as though every fact necessary to jurisdiction affirmatively appeared. The decisions to this effect are very numerous. If a statute required a certain affidavit to be filed prior to the rendition of judgment, it will be presumed, in the absence of any statement or showing upon the subject, that such affidavit was filed.'' [Freeman on Judg., sec. 124.]

There are many other decisions in our books to the same effect, but it is unnecessary to multiply cases to support so plain a proposition. The authorities hold that even when the record is silent as to the jurisdictional facts the judgment of a court of general jurisdiction will be upheld by a presumption that the facts existed until the contrary is made to appear by an exhibition of the whole record, and *a fortiori* that presumption will be indulged when the judgment in question recites that the jurisdictional facts did exist.

If that presumption prevails to sustain the jurisdiction of the court to render the judgment in the case, why should it not prevail to sustain the jurisdiction to perform any other act which the statute imposes on the court? Granting that the filing of an affidavit substantially in the form prescribed by the statute is essential to the jurisdiction of the court to grant the appeal, yet it is no more essential to that end than is the summons and service to authorize the court to render a personal judgment by default against the defendant. Where process has not been served, the defendant may, if he sees fit, enter his appearance, and thus give the court jurisdiction over him; in such case the voluntary entering of appearance is essential to the jurisdiction of the court, yet if the judgment contains a recital to the effect that the appearance was entered and nothing to the contrary shown, the presumption will prevail that the appearance was

entered in due and legal form. Why then, when the circuit court by its solemn record says that an affidavit for an appeal was filed and there is nothing shown to the contrary, shall we say that no presumption shall be indulged to sustain the order granting the appeal, that nothing will satisfy us but the production of the affidavit? Why hedge in the order granting the appeal with more care than we do the judgment appealed from? We presume, in order to sustain a judgment by default, not only that there was a summons and service, but also that the summons was in due form and the service as the law requires; therefore, why should we not presume, not only that there was an affidavit, but that it was as the statute requires? In this matter of granting an appeal the duty is imposed on the circuit court to examine the affidavit and judge whether it complies with the statute, and that is really the only thing in that matter that is left to the judgment of that court. Section 808 prescribes what the affidavit shall state and when such an affidavit is presented within the time prescribed section 809 says the court "shall make an order allowing the appeal." Therefore when the affidavit is presented in due time and the court has examined it and adjudged it sufficient, its discretion is ended and it must make the order. And when we come to review the action of the court we must presume, until the contrary is shown, that there was an affidavit and that it was in substance as the statute requires.

It being conceded that in all other respects the record is sufficient, and there being no counter abstract filed, we hold that the statement in the abstract to the effect that the record proper of the circuit court shows that during the same term in which the motion for new trial was overruled the defendant filed an affidavit for an appeal and that on that affidavit the court made the order allowing the appeal to the Kansas City Court of Appeals, is sufficient to confer ap-

pellate jurisdiction of the cause on that court, notwithstanding neither the affidavit for the appeal nor a statement of its contents appears in the abstract.

Relator's motion to quash the record of the Kansas City Court of Appeals is overruled and respondent's motion to quash the writ of *certiorari* is sustained. Writ quashed.

All concur.