## LEONARD D. GROVES et al. v. ALBERT T. TERRY et al., Appellants.

**Division One, April 13, 1909.**

1. **TRANSCRIPT: On Appeal.** The appellate court will not go to the typewritten transcript to search out what is record proper and what is contained in a bill of exceptions. The statutes and rules require a printed abstract.

2. **ABSTRACT: Motion For New Trial: No Exception.** An exception to the action of the court sustaining the motion for a new trial cannot be saved for review on appeal by being preserved as a part of the record proper. Nor is the motion for a new trial a part of the record proper. The motion, and an exception to the order of the court sustaining it, can be preserved for review only by being made to appear as a part of the bill of exceptions.

3. **NEW TRIAL: Error Admitted By Trial Judge.** The granting of a new trial, in a case to quiet title tried by the judge alone, on the assigned reason that he misunderstood the agreed statement of facts, is not only in harmony with his judicial discretion, but is to be commended.

Appeal from St. Louis County Circuit Court.—*Hon. Jno. W. McElhinney*, Judge.

AFFIRMED.

*Randolph Laughlin* for appellants.

*J. C. Kiskaddon* and *R. L. Shackelford* for respondents.

LAMM, P. J.—The suit is under section 650 to try and determine title. It was tried on an amended petition which does not describe the real estate claimed by the plaintiffs in common or separately but alleges that the lots owned by them in fee simple are "*contained in and are a part of*" a certain larger tract, in turn described by metes and bounds, but whether the owners of this larger tract in its entirety are in court we can-

not make out. Why the aggregation of plaintiffs was joined in the action does not appear. There is no averment they own any lots as tenants in common. We take it they do not. It is alleged that plaintiffs are in possession of the (undescribed) lots owned by them and that defendants have or claim to have an interest "in the tract of ground above set out," that is, in the larger tract which contains the lots in controversy, and "that said interest, if any there be, is undetermined and is a cloud on the title of these plaintiffs."

No demurrer was filed, hence, if the petition states a cause of action at all, no question can now be made here over a misjoinder of parties, if any. [Gardner v. Robertson, 208 Mo. 605.]

By answer defendants admit plaintiffs were in possession "of divers and sundry lots of ground *contained within* the real estate so described in said petition." They deny that plaintiffs are owners in fee. They aver that plaintiffs hold under color of title conferred by divers and sundry deeds from the Overland Real Estate Company. The answer then sets up a claim of title in defendants and avers that it is a fee simple title derived under the will of Albert Todd and by the death of their mother (his daughter), mentioned in said will as Elizabeth Helen, wife of John H. Terry, and by virtue of the death of the wife of said Albert Todd, naming her. Wherefore they join in the prayer of the petition that the court determine the estate, title and interest of the respective parties in said real estate and adjudge that the defendants are owners in fee simple.

The case was tried as in chancery under an agreed statement of facts. It appears therefrom that the Terrys, husband and wife, once owned the land; that they mortgaged it; that they then sold it to Albert Todd who assumed to pay the mortgage debt; that subsequently Todd died testate, leaving an intricate will, devising his real estate in part to his widow for

life, with remainder over; that the premises were sold under the Terry mortgage; that Mrs. Terry purchased at that sale; and that plaintiffs hold through mesne conveyances from her and her husband, their title originating in the eighties. The claim of defendants is sufficiently indicated by the answer. In a nutshell, for our present purposes, it may be said that the agreed facts show plaintiffs have a legal title and that defendants, as the children of Elizabeth Helen Terry, born Todd, claim as alleged beneficiaries under an alleged resulting trust, that is, their title, if any, rests in equity.

The judgment, oddly enough, finds and determines that defendants have title *in fee simple* "to the real estate *described in plaintiff's petition*" and that plaintiffs have no interest in it. The decree then describes the larger tract mentioned in the petition and adjudges that defendants have title in fee simple in said larger tract. It says nothing about a resulting trust or any equities that might arise in favor of plaintiffs in executing such trust.

In due time a motion for new trial was filed by plaintiffs and was sustained. From that order, defendants appeal.

The case comes here on a full transcript in typewriting. We have uniformly held that we will not go to such transcript, in the first instance, to search out what is record proper or record entries and what is contained in a bill of exceptions. The statutes and rules of this court require copies of a *printed abstract* of the record to be filed for our use. We have uniformly ruled that abstracts import verity unless challenged in a proper way or unless additional and counter abstracts are filed, hence should be sufficient. We have also held that abstracts should in some sensible way differentiate between record proper, including in that term record entries, and matter of mere exception. [Gilchrist v. Bryant, 213 Mo. 442, 111 S.

W. 1128; Thompson v. Ruddick, 213 Mo. 561, 111 S. W. 1131; Stark v. Zehnder, 204 Mo. l. c. 449.] Under the ruling in those cases there is no exception in this case to the order sustaining the motion for a new trial earmarked as preserved in a bill of exceptions. Maybe it is there found, in the typewritten, full transcript, if we go there to find it, but this we should not do in this case unless we cast aside our rules and go there in every case and for everything. There is an abstracted exception to the order sustaining that motion, but there is nothing in the abstract even faintly telling us that the exception was saved, where it could alone be effectually saved, to-wit, in a bill of exceptions. The same may be said of the motion itself. It is in the abstract, but whether it was preserved in a bill of exceptions or whether there was a call for it in the bill is not expressly shown or by necessary implication. [Hendricks v. Calloway, 211 Mo. l. c. 555, *et seq.*]

There is nothing before us except the pleadings, the judgment and the order granting a new trial and we see no error on the face of any of them, hence, the order granting a new trial will be affirmed.

We make this ruling without regret. This, because we have looked into the merits of the motion and have concluded (even if we ignored the imperfection of the abstract) that it would be unwise to interfere with the discretion of the learned trial judge in granting a new trial. Among other reasons spread of record in his order granting one he states that his judgment in the first instance was "based upon a misunderstanding and misconstruction of the agreed statement of facts." Who should be better able to judge of that than he? Should we, in reviewing his large discretion—a discretion we have time and time again encouraged trial judges to exercise—say that he misjudged or did not understand his own mind?

The case was tried on an agreed statement of facts, long, ambiguous in vital particulars, silent on others and alleged to be untrue in others. We need not cumber the record by setting it forth, but we accept as true what the trial judge says on his conscience and under the sanction of his oath of office, viz.: that he did not understand it. We owe so much as that to judges who labor to mete out justice below, having as their chief reward an abiding sense of doing right between man and man. When one of them tells us that he did not understand a case and sets aside his own judgment in order that he may, we believe him and commend him.

We have deemed it wise to let the case go down and take its own course without ruling on questions on the merits discussed by counsel—among others, whether affirmative relief could go to the extent prayed by defendants on their form of answer without getting beyond the scope of section 650. [Powell v. Crow, 204 Mo. l. c. 485.] We prefer to pass on vital questions when they come here, if ever, on an appeal from a judgment meeting the approval of a trial chancellor on a hearing in which all the facts are developed, and not by way of anticipation on a scant or ambiguous agreed statement of facts.

Let the order granting a new trial be affirmed, and the cause be proceeded with below, *de novo*. It is so ordered. All concur.