## WALTER B. OWENS v. J. A. MATHEWS et al., Appellants.

### Division One, March 1, 1910.

1. **TRANSCRIPT: Commingling Matters of Record and Exception.** Where the cause is brought up on a full printed transcript in which record entries and record proper are commingled with matters of exception in an undistinguishable mass, neither the evidence, motion for new trial, nor motion in arrest can be considered.

2. **MOTIONS.** Exceptions to an overruling of the motions for a new trial and in arrest should appear in the bill of exceptions, and not as a part of the record proper.

3. **APPEAL: Statutory Right.** No litigant is entitled at common law to appeal, nor as a matter of natural justice. His right to appeal was created by statute and is limited and controlled by the statute and by the written rules of the appellate court.

Appeal from Hickory Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*J. C. Hargus, Jno. A. Gilbreath, T. O. Williams* and *W. A. Dollarhide* for appellants.

*Wm. L. Pitts* for respondent.

LAMM, P. J.—Plaintiff sued to cancel a mining or prospecting lease because of an alleged wrongful alteration and a failure to perform certain essential conditions and covenants upon the part of the lessees. Second count in ejectment. Judgment for plaintiff on both, and defendants appeal.

The cause is here on a full printed transcript in which record entries and record proper are commingled with matters of exception in an undistinguish-

Owens v. Mathews.

able mass. No caption or word tells where the bill of exceptions begins or leaves off. A bill of exceptions was filed but what it contains we do not know. We look in vain to see if the exceptions presented are preserved in such bill. Nor can we consider the evidence because we cannot tell whether it was preserved in a bill of exceptions; nor the motions in arrest and for a new trial for like reason. Exceptions appear to have been taken to the overruling of those motions but apparently they were saved by a court entry (precisely where they ought not to appear), and if saved in a bill of exceptions that fact is not made to appear. We might pick and choose, sort out and rearrange the matter presented to us and hazard a guess one way or the other on such vital matters, were it not that for obvious rules of reason and justice we are precluded from guessing at all. No litigant is entitled to appeal at common law, nor as a matter of natural justice. His right to appeal was created by statute and is limited and controlled by the statute and by the written rules of appellate courts. It is a matter of profound regret that abstracts are often constructed on a plan under judicial ban, and we see no remedy except to patiently but firmly enforce our rules as interpreted by our decisions, and the statutes controlling the matter. Peradventure, this course will finally result in records being prepared with an eye to the fact that an appeal is an idle formula and worthless unless attention is paid to the rules governing the preparation of the record. Such is the moral taught by Reno v. FitzJarrell, 163 Mo. 413; State v. Baty, 166 Mo. 561; Clay v. U. W. Pub. Co., 200 Mo. 672 *et seq.*; Stark v. Zehnder, 204 Mo. 448 *et seq.*; Gilchrist v. Bryant, 213 Mo. 443; Thompson v. Ruddick, 213 Mo. 561; Harding v. Bedoll, 202 Mo. 629; Groves v. Terry, 219 Mo. 595; Pennowfsky v. Coerver, 205 Mo. 135; Kolokas v. Railroad, 223 Mo. 455; Hayes v. Foos, 223 Mo. 421, and many more cases.

Objection was made to the sufficiency of the petition in the motion in arrest; but that motion cannot be considered for the reasons stated. We find no point made in appellants' brief that the petition does not state a cause of action, and, at first blush, we can see nothing wrong with it. The judgment is responsive. There being no error perceivable in the record proper, the judgment is affirmed. All concur.