STATE OF MISSOURI, Respondent, v. MEED et al., Appellants.

### St. Louis Court of Appeals, April 16, 1907.

1. **PRACTICE IN CRIMINAL CASES: Justices of the Peace: Appeals: Affidavit for Appeal.** Under the provisions of section 2782, Revised Statutes 1899, an affidavit for appeal from a judgment of conviction for a misdemeanor, before a justice of the peace, must be made by the defendant; an affidavit for appeal made by his attorney is not sufficient to give the circuit court jurisdiction.

2. ———: ———: ———: **Amending Affidavit.** There is no statutory provision whereby a defective affidavit for appeal from the judgment of a justice of the peace in a criminal case can be amended or supplied in the circuit court.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley,* Judge.

AFFIRMED.

*Jere S. Gossom* and *Duncan & Bragg* for appellants.

(1) The affidavit for appeal substantially complied with all the requirements of the statute. The defendants, pending the State's motion to dismiss the appeal, tendered an unobjectionable affidavit which should

have been allowed, and the court erred in dismissing defendant's appeal. State v. Thompson, 81 Mo. 163; State v. Cook, 31 Mo. App. 57; De Soto v. Merciel, 53 Mo. App. 61. (2) The affidavit for appeal was filed with the justice in time; the appeal bond was approved by the justice and was sufficient to compel the appearance of defendants in the circuit court; the justice granted the appeal, and filed his transcript with the clerk of the circuit court; the State by her attorney appeared and defended against the demurrer to the information. The defendants should have been allowed to file an amended affidavit, which they tendered pending the State's motion to dimiss the appeal. Watson v. Barbee, 55 Mo. App. 147; Jamison v. Yates, 7 Mo. 571; Schultz v. Tatum, 35 Mo. App. 136. (3) Section 2782, Revised Statutes 1899, provides that any person convicted before a justice of the peace for any misdemeanor may appeal his case to the court having jurisdiction in criminal cases, if he shall, immediately after judgment is rendered, file an affidavit stating, etc. Although the affidavit filed in this case was sworn to by one of the attorneys for defendants, yet notwithstanding that fact, it is an affidavit; and as such, it should be amended. Welsh v. Railroad, 55 Mo. App. 604; State v. Hocker, 68 Mo. App. 419; Hagerty v. Lierly, 109 Mo. App. 634; De Soto v. Merciel, 53 Mo. App. 61.

*L. L. Collins* for respondent.

BLAND, P. J.—On information filed by the prosecuting attorney of Pemiscot county, before F. W. Phleger, Esq., justice of the peace, in said county, defendants were convicted of a violation of section 2175, Revised Statutes 1899, and their punishment assessed at a fine of fifty dollars each. On the day judgment was rendered, the following affidavit for an appeal was filed with the justice, and a bond for the appearance of de-

fendants in the Pemiscot Circuit Court to answer the information was duly executed and approved by the justice:

"J. E. Duncan, one of the attorneys for the above-named defendants, after being duly sworn according to law, upon his oath, says he verily believes the defendants aggrieved by the verdict and judgment rendered against them in the above cause, and that this appeal is not for vexation or delay, and that they pray an appeal therefrom to the circuit court of Pemiscot county, Missouri.

"J. E. DUNCAN.

"Subscribed and sworn to before me, this twenty-first day of April, 1905.

"F. W. PHLIEGER,
"Justice of the Peace."

The justice transmitted a certified transcript of his docket and original papers filed in the cause to the clerk of the Pemiscot Circuit Court, and the cause was docketed for trial at the April, 1905, term of said circuit court. At said term the prosecuting attorney moved to dismiss the appeal for the following reasons: "No affidavit, as required by law, was made before the justice of the peace before whom the cause was tried, praying for an appeal." Pending this motion to dismiss, defendants offered to file a proper affidavit, sworn to by each of them. The court refused permission to file this affidavit, sustained the motion to dismiss and dismissed the appeal. After taking the usual steps to preserve their exceptions to the rulings of the court, defendants duly appealed to this court.

Section 2782, article 12, Revised Statutes 1899, provides: "Any person convicted before a justice of the peace for any misdemeanor under the provisions of this article may appeal to the circuit or other court having jurisdiction in criminal cases, if he shall, immediately, after judgment is rendered, file an affidavit stating that

he is aggrieved," etc. There is no provision in article 12 for amending a defective affidavit in the circuit court, or for supplying an omitted one for an appeal, as is provided by statute on appeals from a justice's court in civil cases; nor is there any provision to be found, making the procedure in civil cases, on appeals from a justice's court, applicable to the procedure in like appeals in criminal cases. The Supreme Court has indicated an inclination to administer the statute (section 2782, supra) in the spirit its terms indicate. Thus, in State v. Anderson, 84 Mo. 524, and St. Louis v. Gunning Co., 138 Mo. 374, 39 S. W. 788, it was held that an affidavit for an appeal from the judgment of a justice of the peace in a criminal cause, filed a day after the judgment, was prima facie filed out of time. The statute provides that the defendant shall make the affidavit. His agent or attorney is no where authorized to make it for him, hence the affidavit made by defendant's attorney was a nullity and did not authorize the justice to grant the appeal. The appeal had no legal foundation and one could not be projected in the circuit court to sustain it, for the reason that statute makes no provision authorizing the circuit court to bolster up an unperfected appeal from the judgment of a justice in a criminal case, and we think the circuit court did not err in sustaining the motion to dismiss the appeal, and affirm the judgment. All concur.