THE CONTINENTAL INSURANCE COMPANY, Appellant, v. CLARENCE HURST, Respondent.

**Kansas City Court of Appeals, March 2, 1908.**

**APPELLATE PRACTICE: Abstract: Motion for New Trial: Bill of Exceptions: Record: Judgment.** The abstract must show by the record proper the filing of motion for a new trial, the extension of time to fill bill of exceptions and the filing thereof, and also that there was a final judgment.

Appeal from Atchison Circuit Court.—*Hon. William O. Ellison,* Judge.

APPEAL DISMISSED.

*Fyke & Snider* for appellant.

*L. D. Ramsay* for respondent.

ELLISON, J.—This action is based on a promissory note, payable in installments, given for premium on a policy of fire insurance. The judgment in the trial court was for the defendant, and the plaintiff company appealed to this court.

Plaintiff's abstract of the record proper consists of the pleadings in the cause. It then abstracts the bill of exceptions stating the exceptions taken during the trial. This includes the motion for new trial and its being overruled and exceptions thereto. But the *filing* of a motion for new trial must be shown by the record proper. The statement of its filing and setting it out in the bill of exceptions will not suffice. [Bower v. Daniel, 198 Mo. 317.] So as to the extension of time to file bill of exceptions. That is also stated in the bill to have been given. But it should appear in the record proper. And so as to the affidavit for appeal and allowance thereof. These are jurisdictional.

Beyond this there does not appear to be any judgment in the case. None is referred to, either in record

proper or the bill of exceptions. It should have been in the former.

The appeal must be dismissed. All concur.