## K. K. SHEMWELL v. THOMAS A. McKINNEY, Appellant.

### Division One, November 25, 1908.

1. **APPEAL: Defective Abstract: No Affidavit.** Unless the abstract of the record proper shows an affidavit for an appeal, or the substance of such affidavit, the appellate court acquires no jurisdiction of the cause.

2. ———: ———: **Bill of Exceptions: Extension of Time.** Where the abstract of the record proper does not show that the bill of exceptions was filed in time, or an order of record granting leave to file it in vacation, nothing but the record proper can be considered on appeal, even though the appellate court has jurisdiction to hear the cause.

Appeal from Ripley Circuit Court.—*Hon. Samuel Davis,* Special Judge.

APPEAL DISMISSED.

*Charles D. Yancey* for appellant.

*Jno. M. Atkinson* for respondent.

(1)    Appellant's abstract of record proper does not show an affidavit for appeal in this cause, or state the substance of such an affidavit; and this court is without jurisdiction to hear and determine this cause. Such requirements of the record proper can not be shown by recitals in the bill of exceptions. The burden is on appellant to show jurisdiction in this court of this cause.    Ins. Co. v. Hurst, 129 Mo. App. 627; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. 408; Peters v. Edge, 87 Mo. App. 283; Schested v. Kansas City, 68 S. W. 1068; Geisign v. Schowengerdt, 24 Mo. App. 554; Clellant v. Shaw, 51 Mo. 440; Same v. Roscoe, 93 Mo. 146; Lengle v. Smith, 48 Mo. 276; Pennowfsky v. Coerver, 205 Mo. 135; State ex rel. v. Broadus, 210 Mo. 1.    (2)    Appellant's abstract of record proper does not show either the filing of a motion for

a new trial or motion in arrest, and the ruling of the court thereon.    This is a fatal defect.    Pennowfsky v. Coerver, *supra;* Hill v. Butler County, 195 Mo. 511; Harding v. Bedoll; 202 Mo. 625; Stark v. Zehnder, 204 Mo. 442; Mason v. Smith, 124 Mo. App. 596; Dockery v. Lowenstein, 121 Mo. App. 394.    (3)   Appellant's abstract of record proper does not show the filing of his purported bill of exceptions in term time, or an order of record giving leave to file same in vacation. The recitals of such orders in the purported bill of exceptions are insufficient.    Pennowfsky v. Coerver, *supra;* Harding v. Bedoll, *supra;* Hill v. Butler County, *supra;* Stark v. Zehnder, *supra;* St. Charles ex rel. v. Deemar, 174 Mo. 122.

WOODSON, J.—This suit was brought in the circuit court of Ripley county, and had for its object the quieting the  title to certain real estate described in the petition, which was in the usual and approved form.

The answer was quite lengthy and set up various defenses, all of which were demurred to by the plaintiff, excepting the plea of the ten and thirty years' statutes of limitation.    The demurrer was sustained, and the respondent declined to plead further, and went to trial upon the question of limitation.

A trial was had, and after respondent had introduced all his evidence, he took a nonsuit as to a portion of the land sued for, and recovered judgment for a part of the balance sued for, while the judgment for the remainder was for the appellant.    Appellant has appealed from the judgment to this court.

The abstract of the record proper does not show an affidavit for an appeal in this cause, nor does it state the substance of any such an affidavit.

That omission prevents this court from acquiring jurisdiction of the cause.    [State ex rel. v. Broaddus,

210 Mo. 1; Insurance Co. v. Hurst, 129 Mo. App. 627; Greenwood v. Parlin & Orendorff Co., 98 Mo. App. l. c. 408; Pennowfsky v. Coerver, 205 Mo. 135.]

Nor does the abstract of the record proper show that the bill of exceptions was filed in time, or an order of record granting leave to file it in vacation.

This failure would prevent us from considering anything but the record proper, even though we had jurisdiction to hear the cause; but as we have no jurisdiction thereof, as before stated, the appeal is dismissed.

All concur, except *Valliant, P. J.*, absent.