# FLANAGAN MILLING COMPANY, Appellant, v. CITY OF ST. LOUIS.

### Division One, July 12, 1909.

1. **ABSTRACT: No Recital of Record Matters.** Record entries, as such, cannot be preserved in a bill of exceptions for appellate purposes, and if they appear in the bill and nowhere else it is the same as if they did not appear at all. So that where there is no recital in the record proper at what term of court (if any) the motion for a new trial was filed or overruled, or the affidavit for an appeal was filed and the appeal granted, or at what term an order was entered granting plaintiff leave to file a bill of exceptions, the abstract is fatally defective, though the bill of exceptions contains a recital of some of these things.

2. ——: **Transcript.** A manuscript full transcript on file with the court is not an abstract. Absent conflicting abstracts, the court will not go to that transcript to spy out those things essential to perfecting an appeal and to give it jurisdiction of a concrete case, nor for matter essential to an understanding of points to be decided. Those things must be abstracted in a printed abstract, and an abstract is what its name imports —it does not mean (except by grace) a full record, and it means something more than an analytical index.

Appeal from St. Charles Circuit Court.—*Hon. Jas. D. Barnett,* Judge.

AFFIRMED.

*Hamilton Grover, T. F. McDearmon* and *Alfred A. Paxson* for appellant.

*Charles W. Bates* and *Charles P. Williams* for respondent.

LAMM, P. J.—Plaintiff corporation was "tenant and owner" of certain lots and a certain hominy mill and elevator situate thereon in St. Louis. Close by was a public sewer in Geyer avenue constructed in

1854. Plaintiff's basement was connected with this sewer by drain pipes. In that basement were sundry sorts of milling machinery, also grains and manufactured "white corn goods," meal, etc. On July 24, 1899, as the result of a heavy rainfall, the back water from the Geyer avenue sewer flooded said basement, damaging its contents and the mill building. Grounding its action on negligence in enlarging the area drained by the Geyer Avenue sewer district beyond the capacity of the sewer and in allowing the sewer to become obstructed by dirt and *debris,* whereby sewerage and flood water were dammed back into the basement, plaintiff sued for $25,000 damages.

Defendant answered, first, by way of a general denial; second, by way of a plea of contributory negligence in that defendant had charter power to regulate the use of sewers by ordinance and had passed certain ordinances by virtue of such power requiring owners of premises to put in self-acting valves in all cases where a back flow from main sewers may be apprehended, coupled with an allegation that such safety valve would have been a complete barrier to the back flow complained of in the petition; that there was in existence a self-acting valve known as a "back trap" or "back water trap" effective to stop sewer back flow—a simple device of small cost and installed with little trouble; and that plaintiff negligently violated said ordinance and negligently failed to install such device to prevent back flow and injury therefrom.

Unsuccessful below, plaintiff brings the case here.

The abstract sets forth the petition, answer and reply in full; next that the cause went on a change of venue to the St. Charles Circuit Court; next follows certain proceedings which the abstract states "are preserved in the bill of exceptions." An abstract of the bill of exceptions next follows, covering 55 pages and winding up with the signature of the trial judge and the file marks of the clerk.

Following said abstract of the bill of exceptions is matter which we present *totidem verbis,* reading:

"RECORD ENTRIES.

"March 10th, 1905, verdict and judgment for defendant.

"March 13th, 1905, motion for new trial filed.

"March 24th, 1905, motion for new trial overruled.

"March 24th, 1905, affidavit and motion for appeal.

"March 24th, 1905, appeal granted to Supreme Court of Missouri.

"March 24th, 1905, time to second Monday of September, 1905, granted plaintiff to file bill of exceptions.

"September 4th, 1905, bill of exceptions presented, allowed, signed, sealed, filed and made part of the record by order duly entered, within the time given by the court.

"AFFIDAVIT FOR APPEAL.

"A. A. Paxson, agent for the plaintiff in the above entitled cause, being sworn, upon his oath, says that the appeal prayed for by him for the plaintiff is not made for vexation or delay, but because he considers the plaintiff aggrieved by the judgment and decision of the court.          A. A. PAXSON,

                          "Agent for plaintiff.

"Subscribed and sworn to before me, this 24th day of March, 1905.     ·     ·     WM. F. WOLTER,

                          "Circuit Clerk."

The defendant filed a supplemental abstract, to-wit, a complete copy of the bill of exceptions and no more.

Under our interpretation of the statutes and our rules, the foregoing abstract is fatally defective in that it nowhere appears at what term of court, if any, the motion for a new trial was filed or overruled ·or the

affidavit for an appeal was filed and the appeal grant-
ed, or at what term an order was entered granting
plaintiff leave to file a bill of exceptions. Or whether
these things were done in term time at all. Some
of these things do appear at large in the bill of ex-
ceptions.

In order to save an intelligent exception to the
overruling of a motion for a new trial, there should
appear in the bill some notation that such motion
was filed and overruled. But record entries, as such,
cannot be preserved in a bill of exceptions for appel-
late purposes because the function of such bill is not
to preserve such record entries. Therefore, if they
appear in the bill and nowhere else, it is the same as
if they did not appear at all. Our statutes contem-
plate that a motion for a new trial should be filed
at the judgment term and within four days after the
judgment; that an appeal should be taken at the term
at which the motion for a new trial is overruled; and
that the bill of exceptions should be filed at such term
or that leave be then granted giving time. There-
fore, the data should be abstracted from which we
can see that the statutory steps have been taken to
perfect an appeal. This, because an appeal is a crea-
ture of the statutes.

Appellant brought this case up by a manuscript
full transcript. We may know nothing of its contents;
because if there is one thing more firmly settled than
another it is that, absent conflicting abstracts, we will
not go to that transcript to spy out those things essen-
tial to perfecting an appeal and giving us jurisdiction
of a concrete case, nor for matter essential to an
understanding of points to be decided. These things,
under our rules, must be abstracted in *print*. Now an
abstract is what its name imports. If a full record is
printed our rules provide that such full record may
be taken for an abstract. But that is not the best

method to aid an appellate court, since it is expensive and cumbersome and can only be considered an abstract by grace. On the other hand an abstract must be something more than a mere analytical index shorn of paging. In condensed form, it should still preserve and evidence essential facts.

It is a marvel that excellent counsel will not heed the interpretation given of our rules and warnings judicially iterated and reiterated. We do not interpret our rules otherwise than equitably. For instance, by an implication from data furnished in the abstract, other data might be aided and rounded by supplying an element omitted. But there is nothing in this abstract from which we can see that the entries referred to were made at the judgment *term* of the circuit court of St. Charles county, or at any term at all.

We therefore affirm the judgment and put affirmance on a line of cases, of which a few are Harding v. Bedoll, 202 Mo. 625; Groves v. Terry, 219 Mo. 595; Shemwell v. McKinney, 214 Mo. 692; Stark v. Zehnder, 204 Mo. 442; Walser v. Wear, 128 Mo. 652; Pennowfsky v. Coerver, 205 Mo. 135; Coleman v. Roberts, 214 Mo. 634. All concur.