## THE AULTMAN & TAYLOR MACHINERY COMPANY, Appellant, v. J. E. ORGAN, Respondent.

### Springfield Court of Appeals, July 7, 1910.

1. **PRACTICE: Appeal and Error: Motion for New Trial: Specification of Errors.** A motion for a new trial must so definitely set out the reasons therefore as to direct the attention of the trial court to the precise error of which complaint is made.

2. ——: ——: ——: ——. The simple assertion in a motion for a new trial that the verdict is against the law does not indicate wherein it infringes upon the law and is not sufficient to bring before the appellate court matters of exceptions.

3. ——: ——: ——: ——. It is no ground for setting aside the verdict of the jury that it may be against the evidence. It is only in case there is no substantial evidence to support the verdict that an appellate court will interfere.

4. ——: ——: ——: Matters of Exception. The only way matters of exception can be preserved for review in the appellate court is by setting them forth in the motion for a new trial.

5. **APPELLATE PRACTICE: Defective Abstract.** Appellants printed abstract failed to show an order filing or overruling the motion for a new trial. It failed to distinguish the matters contained in the bill of exceptions and failed to show that an appeal had been taken. For these defects in the abstract the judgment was affirmed.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans*, Judge.

AFFIRMED.

*C. E. Freeman* and *H. T. Harrison* for appellant.

*Arthur & Dalton* for respondent.

GRAY, J.—This is an action on promissory notes, tried in the circuit court of Shannon county, resulting in a judgment in favor of the defendant. After taking

the proper preliminary steps plaintiff appealed to this court. The respondent has filed a printed brief in which he claims that the appeal should be dismissed because the alleged abstract of the record filed by appellant is insufficient. The appellant complains of many alleged errors of the circuit court during the trial of the case, but its motion for new trial only contains one ground as follows: "Because the finding of the court was against the law and the evidence." This is wholly insufficient to bring matters of exception to this court for review. [State v. Scott, 214 Mo. 1. c. 261, 113 S. W. 1069.]

In the case just cited, the court said: "The grounds assigned for a new trial are: That the verdict of the jury is against the law. That the verdict of the jury is against the evidence. The verdict of the jury is against the law and the evidence. It is well settled that a motion for a new trial must so definitely set out the reasons therefor as to direct the attention of the trial court to the precise error of which complaint is made. The simple assertion that the verdict of the jury is against the law does not indicate wherein it infringes upon the law. It is no ground for setting aside the verdict of the jury that it may be against the evidence. It is only in case there is no substantial evidence to support the verdict that this court will interfere."

The only way matters of exception can be preserved for review in the appellate court is by setting them forth in the motion for new trial.

The abstract of the record in this case shows nothing but the pleadings. There is no judgment or order showing the filing, or overruling of a motion for new trial, contained therein. Immediately following the reply of the plaintiff, follows the evidence, and there is no statement that what is contained therein was preserved by the bill of exceptions, and there is nothing to show where the bill of exceptions begins or ends. [Reno v. Fitz Jarrell, 163 Mo. 411, 63 S. W. 808.]

The abstract of the record must show the judgment of the court and the orders of the filing of a motion for new trial and the ruling of the court thereon; also showing that an appeal has been taken in the case. None of these things are shown by the abstract in this case, and the motion urged by respondent is well taken. [Milling Co. v. St. Louis, 222 Mo. 306, 121 S. W. 112; Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992.]

For the reasons assigned, there is nothing for our consideration but the record proper, and as no error is found therein, the judgment will be affirmed. All concur.