## STATE OF MISSOURI, Respondent, v. DICK BIRRON, Appellant.

**Springfield Court of Appeals, June 3, 1912.**

1. APPEAL AND ERROR: Criminal Law: Affidavit for Appeal: Affidavit by Attorney. In a criminal case the statute makes no provision for an affidavit for appeal to be filed by an agent or attorney.

2. ——: ——: ——: ——. In a criminal case an appeal will be dismissed where the only affidavit for appeal was made by the defendant's attorney.

State v. Birron.

3. ———: Affidavit for Appeal: Unauthorized Person Making Affidavit. An affidavit for appeal by a party not authorized by the statute to make it, is not merely irregular but is a nullity and places the party taking the appeal in the same position as he would be if the appeal had been granted without any affidavit being filed.

Appeal from Christian Circuit Court.—*Hon. John T. Moore,* Judge.

APPEAL DISMISSED.

*G. Purd Hayes* for appellant.

(1) If the affidavit was defective, or a nullity, respondent should have objected to the order of the trial court granting the appeal and saved an exception if his objection was overruled, which respondent did not do. (2) Respondent before he can be heard to complain should have saved his exceptions and had them incorporated in the bill of exceptions. R. S. 1909, sec. 5245; State v. Black, 99 Mo. App. 34; State v. McDonald, 85 Mo. 539; State ex rel. v. Broaddus, 210 Mo. 1; Marshall v. Estate, 144 S. W. 1120; State v. Meyers, 99 Mo. 117; State v. Griffin, 98 Mo. 675. (3) The trial court should not be convicted of error which it did not commit. State ex rel. v. Broaddus, 210 Mo. 16; Marshall v. Estate, 144 S. W. 1120.

*F. W. Barrett,* prosecuting attorney, for respondent.

(1) The right of appeal is statutory, and the statute must be strictly followed. State v. Anderson, 84 Mo. 524; St. Louis v. Gunning Co., 138 Mo. 374. (2) The affidavit for an appeal must be made by defendant and one made by his attorney is not sufficient. State v. Meed, 124 Mo. App. 413.

COX, J.—Prosecution in circuit court by information for common assault. Defendant convicted and fine of one dollars assessed and he has appealed.

Respondent has filed a motion to dismiss the appeal on the ground that no affidavit for appeal as required by the statute was filed. The affidavit was made by defendant's agent and attorney and no affidavit for appeal was made by defendant in person. The question is whether an appeal granted without an affidavit for appeal by the defendant in person in a criminal case confers any jurisdiction on the appellate court. The statute, Sec. 5292, R. S. 1909, provides: " . . . The defendant shall during the same term, file in the court his affidavit stating that such appeal is not made for vexation or delay but because he believes himself to be aggrieved by the judgment or decision of the court." The statute makes no provision for an affidavit for appeal to be filed by an agent in a criminal case as may be done in a civil case. The Supreme Court of this state has been very liberal in upholding appeals when objections to the affidavit went only to irregularities, and in such cases, the jurisdiction of the appellate court will be upheld in all cases in which the attention of the trial court was not called to the irregularities. [State ex rel. v. Broaddus, 210 Mo. 1, 108 S. W. 544.] But the holding has been uniform that an affidavit for appeal in substantial compliance with the statute is essential to confer jurisdiction upon the appellate court and if the record fails to show that an affidavit for appeal was filed, the appeal will be dismissed. [Shemell v. McKinney, 214 Mo. 692, 114 S. W. 1083.]

The right of appeal is purely a statutory right and the mode of procuring it therein provided must be substantially followed. The statute having provided that the party taking the appeal shall make the affidavit, no one else can make it for him. The statute providing for appeal to the circuit court from a con-

viction before a justice of the peace is the same as the statute providing for appeal from a conviction in the circuit court as far as the affidavit is concerned. [See Sec. 5001, R. S. 1909.] It has been expressly held that an affidavit for appeal by any person other than the party convicted is a nullity under that section. [State v. Meed, 124 Mo. App. 413, 101 S. W. 714.] We think that case properly declares the law and that the same rule applies to this case. An affidavit for appeal by a party not authorized by the statute to make it is not merely irregular but is a nullity and places the party taking the appeal in the same position as he would be if the appeal had been granted without any affidavit being filed. Appeal dismissed. All concur.