THE STATE v. NICHOLAS CAMPBELL, Appellant.

Division Two, February 23, 1923.

1. **APPEAL: On Affidavit by Attorney: Conviction of Murder.** The right to an appeal is strictly statutory, and the statute (Sec. 4086, R. S. 1919) requires that the affidavit in a criminal case be signed and sworn to by defendant himself, and where the affidavit was signed and sworn to by his attorney alone, his appeal, upon motion of the Attorney-General, must be dismissed, although he was tried and convicted of murder in the first degree.

2. ————: **Dismissal: Writ of Error.** Although the appeal of defendant from a judgment adjudging him guilty of murder must be dismissed, because the affidavit for the appeal was made by his attorney alone, the dismissal does not deprive him of a writ of error, and if such writ is sued out within one year from the date sentence was pronounced his case may be reviewed by the Supreme Court.

Appeal from Carter Circuit Court.—*Hon. E. P. Dorris,* Judge.

DISMISSED.

*J. D. Wallace* for appellant.

*Jesse W. Barrett,* Attorney-General, and *Henry Davis,* Assistant Attorney-General, for respondent.

The affidavit for an appeal in this case was made by an attorney who represented the appellant at the trial. The statute requires the defendant to make the affidavit himself. In the absence of the appellant's personal affidavit no jurisdiction is conferred on this court by the order granting the appeal, and the case should be dismissed. Sec. 4086, R. S. 1919; State v. Meed, 124 Mo. App. 413; State v. Birron, 164 Mo. App. 212; State v.

Sexton, 189 S. W. 605; State v. Mericle, 245 Mo. 548.

HIGBEE, C.—The defendant was tried and convicted of murder in the first degree for the killing of Karl Hermann, and he was sentenced to suffer death in accordance with the verdict of the jury. On an affidavit for appeal, signed and sworn to by his attorney, an appeal was granted to this court. The Attorney-General moves to dismiss the appeal because the affidavit for appeal was not signed and sworn to by the defendant as required by the statute. The motion was taken with the case.

Section 4086, Revised Statutes 1919, reads:

"In all cases of final judgment rendered upon any indictment or information, an appeal to the Supreme Court or Court of Appeals shall be allowed the defendant, upon complying with the following conditions: First, such appeal must be made during the term at which such judgment is rendered; and second, the defendant shall, during the same term, file in the court his affidavit, stating that such appeal is not made for vexation or delay, but because he believes himself to be aggrieved by the judgment or decision of the court."

In State v. Mericle, 245 Mo. 548, 549, we said: "The right of appeal is statutory, and as the filing of an affidavit in the form prescribed by said section is made one of the conditions upon which an appeal shall be allowed, and such affidavit was not filed in this case, the motion to dismiss the appeal must be sustained." In State v. Leonard, 250 Mo. 406, 408, WALKER, J., said: "No right of appeal existed at common law; being purely of statutory creation, the Legislature may grant, withdraw or restrict the right as its discretion prompts in criminal as well as in civil cases. In order that a party may avail himself of the right to an appeal, he must conform to the requirements of the statute creating the right."

Statutes authorizing an appeal in a criminal case must be strictly followed. [17 C. J. 14.]

It is significant that in civil proceedings the statute expressly provides that an appeal may be allowed on the

affidavit of the appellant or his agent. [Sec. 1471, R. S. 1919.]

In conformity with the foregoing rulings, it was held in State v. Meed, 124 Mo. App. 413, 416: "The statute provides that the defendant shall make the affidavit. His agent or attorney is nowhere authorized to make it for him, hence the affidavit made by defendant's attorney was a nullity and did not authorize the justice to grant the appeal."

In State v. Birron, 164 Mo. App. 212, 214, the court said: "The statute makes no provision for an affidavit for appeal to be filed by an agent in a criminal case as may be done in a civil. . . . The right of appeal is purely a statutory right, and the mode of procuring it therein must be substantially followed. The statute having provided that the party taking the appeal shall make the affidavit, no one else can make it for him. . . . It has been expressly held that an affidavit for appeal by any other person than the party convicted is a nullity under that section." [Citing State v. Meed, supra.]

It is often said that hard cases make bad law. The fact that appellant was convicted of first degree murder and sentenced to be hanged should not sway us from our plain duty to declare the law as it is written. However, the result in the instant case does not deprive the defendant of the right to have his case reviewed by this court. Sentence was pronounced on April 29, 1922. Appellant has one year from that date to get his case before us for review by writ of error, under Section 1487, Revised Statutes 1919, if so advised.

The conclusion reached points out the need of amendment of Section 4086 by the Legislature in order to give a defendant deprived of his life or liberty by the judgment of a court as great latitude in the method of taking an appeal as is provided for an appellant in a civil case where only property rights are involved. An intentional discrimination in favor of an appellant in a civil case, as against one convicted of crime, would be a moral wrong.

The affidavit not having been made by the defendant, the court was not authorized to grant the appeal. The motion to dismiss is sustained and the appeal is dismissed. *Railey* and *Davis, CC.*, concur.

PER CURIAM:—The foregoing opinion of *Higbee, C.*, is hereby adopted as the opinion of the court. All of the judges concur; *Walker, J.*, in separate opinion.

WALKER, J. (concurring).—I concur in the majority opinion except in the paragraph suggesting legislative action concerning the requirements of an affidavit for an appeal in criminal cases. The motive prompting this suggestion, I do not question, but the action of the Legislature in regard to this or any other matter should not concern this court, whose utterances should be limited to the maxim: *Jus dicere non dare*.