ERNEST H. EULER, RESPONDENT, v. STATE HIGHWAY COMMISSION OF MISSOURI, APPELLANT.—55 S. W. (2d) 719.

Peremptory Mandamus denied by Supreme Court, July 20, 1933.

Kansas City Court of Appeals. December 19, 1932.

*Irwin & Bushman* and *Ira H. Loman* for respondent.

*John W. Mather* and *Ralph M. Eubanks* for appellant.

TRIMBLE, P. J.—Plaintiff obtained from the State Highway Commission of Missouri two contracts for the construction of two sections of a proposed concrete highway in DeKalb County, Missouri, from Maryville to Oak, the two sections comprising a distance of about nine miles. One of these contracts was for Section 5 of 4.142 miles in length and the other for Section 6, 4.507 miles long.

After the alleged completion of said portions of the road, and after having received what he considered part of his pay therefor, he was unable to secure a satisfactory settlement and pay for certain matters connected with the construction of said roads, and consequently brought this suit, in fifteen counts, on said contracts.

The case was tried upon an amended petition, answer and reply, and by the trial court sitting as a jury. The result was a finding and judgment, in plaintiff's favor on the six counts, to-wit, on the *first* count for $259.31; on the *second* for $555.18 with interest at six per cent, amounting to $154.49; on the *fourth* for $100 and interest of $29.64; on the *eighth* for $950 and interest in the sum of $281.56; on the *ninth* for $1430.34 with interest of $217.73; on the *tenth* for $2311.54 plus interest amounting to $352.27, all aggregating the sum of $7527.06 on all of which judgment was first rendered and in that

sum, but later a *remittitur* of $29.64 being entered, said judgment was reduced to $7497.42.

On the nine remaining counts, to-wit, the third, fifth, sixth, seventh, eleventh, twelfth, thirteenth, fourteenth and fifteenth, the judgment was for defendant. Defendant appealed from the judgment rendered on the first above named *six* counts but plaintiff abided the result in the other nine.

The appeal herein was before this court at a former term, namely, the March Term, 1931, but judgment was affirmed without a discussion of the merits, because the appellant's abstract failed to show the filing or the overruling of the motion for a new trial, or the rendition of a judgment, or the granting of an appeal. Prior to the affirmance of the judgment, appellant under our Rule 15 sought to correct such deficiencies by filing a supplemental abstract within the required time, and which these and perhaps other omitted matters were sought to be shown but it was held, following Underwood v. Murphy, 286 S. W. 123, that said Rule, as amended, did not permit such correction under the circumstances of the case. The Supreme Court, however, holding that we had "misconstrued" our own rule, issued a peremptory writ of mandamus commanding us to set aside the order overruling the motion for rehearing, to vacate the judgment of affirmance, reinstate the case on the docket and "then proceed with said cause in due course to a disposition of the case." [State ex rel. v. Trimble, 47 S. W. (2d) 779.]

In obedience to said writ, the necessary orders were made and the case was again set down for hearing on October 7th at this, the October Term, 1932, when the same was argued and submitted in connection with respondent's newly filed motions to dismiss which were "taken with the case."

Now, the case, on said resubmission, is upon a *new* and *different* abstract of the record which was filed September 20, 1932, the case as heretofore stated, being set for argument October 7, 1932. Appellant's briefs were filed on the same day the said abstract was filed. Respondent's briefs were filed the day before the day set for argument, i. e., on October 6, 1932.

Under the circumstances, appellant was entitled to file a new abstract without obtaining any consent or stipulation from respondent's counsel; but, for some reason, on the 15th day of September, the date the said new abstract was served upon the respondent's counsel a stipulation was obtained from them, signed by counsel on both sides, which recites that:

"Inasmuch as both the appellant and the respondent desire to avoid the expense of printing in full the two contracts sued upon in this case, said contracts appearing of record as Plaintiff's Exhibit 1 and Plaintiff's Exhibit 2, it is therefore agreed and stipulated by and between the appellant and the respondent in the case of State

of Missouri ex rel. State Highway Commission of Missouri, Appellant v. Ernest H. Euler, respondent, that upon the appeal now pending before the Kansas City Court of Appeals said contracts shall be abstracted and such abstract shall be considered complete and binding upon both parties for all purposes and upon all questions raised by either party upon said appeal.

"And it is further agreed and stipulated by and between said appellant and respondent that the abstract of said Exhibit 1 and Exhibit 2 appearing at pages 43 to 75 of the appellant's abstract of the record as served upon counsel for the respondent this 15th day of September, 1932, is a true, accurate and complete abstract of said contracts; and that said abstract of said contracts furnishes to the court a complete abstract of the whole contracts enabling the court to rely thereon in deciding the case."

Just what office, purpose, scope or effect the above stipulation is supposed, or expected, to have or perform, is somewhat difficult for us to say. Upon its face it clearly purports to be a stipulation in reference to the abstract of *Exhibits 1 and 2*, the two contracts on which the suit is founded, and states that it "is a true, accurate and complete abstract of said *contracts*," and furnished to the court a *complete abstract* of the *whole contracts* enabling the court to rely thereon in deciding the case." If by this last is meant that those entering into the stipulation agree that the court must accept what is shown, and decide the case thereon, then the stipulators are deciding and agreeing upon a matter which is not within their province to decide. If the abstract is sufficient to enable us to decide the case, well and good; but if it is not, no amount of stipulation and agreement can help the matter.

In making the foregoing statement relative to this case, and preliminary to a discussion of the question raised herein, we desire to say that even to the limited extent such statement has gone, we have obtained it, not from anything in appellant's brief, but from a long, laborious examination of the abstract submitted at this the second hearing. And even this general and preliminary setting forth of the case has compelled the *repeated* examination of, the searching back and forth through, such abstract as has been submitted for our consideration of this case.

Respondent has filed two motions to dismiss the appeal; *first,* because of failure to comply with Rule 15 in that the abstract is not "a printed abstract of the entire record of said cause," as required by Section 1028, Revised Statutes Missouri 1929, 2 Mo. St. Ann., p. 1310, nor is it "an abstract or abridgement of the record in said cause setting forth so much thereof as is necessary to a full understanding of all the questions presented to this court for decision;" *second,* because appellant has failed to comply with Rule 16 in that the purported statement filed by the appellant "is not a clear and

concise statement of the case and is not a statement that will enable the court to be informed of the material facts of the case without being compelled to glean them from the abstract of the record.'' (*Nota Bene.* The author's extreme disinclination to dismiss an appeal because a statement is such as to require such laborious gleaning, led him to endeavor to ascertain from the abstract of the record the facts and the showing made with reference to the issues and contention raised, but a careful investigation of such abstract leaves him *still unable* to get such an understanding of the case as will enable him, or anyone else, to properly and intelligently pass on the case.)

It seems that the Bill of Exceptions in this case consists of over 1100 typewritten pages which appellant has endeavored to compress into something near 120 printed pages, a great portion of which is *not* a condensation of what the witnesses stated, but is in the narrative language of counsel who got up the abstract. Moreover, the abstract shows on its face there is much testimony left out and the omitted parts are not of such character that they can be safely omitted as having no bearing on the questions to be decided. In addition to this, respondent filed an additional abstract, not purporting at all to cover the entire portion of the omitted material evidence, but giving enough to show that appellant's abstract is very incomplete. Respondent is not compelled to file an additional abstract supplying all of the omitted testimony. [Calkins v. Engle, 300 S. W. 997, 998.] To compel a respondent to print a huge additional abstract sufficient to properly present the case is to shift to his shoulders the duty of seeing that a complete abstract is furnished, a duty that is on appellant who asserts the judgment is wrong. .[Vaughan v. Kansas City, etc. R. Co., 34 Mo. App. 141.] The trial court's judgment, when an appeal is taken therefrom, is presumed to be correct until the contrary is shown, and this presumption goes to the extent of assuming that evidence omitted from appellant's abstract is sufficient to supply the defect of which appellant complains. [Fronk v. Fronk, 159 Mo. App. 543, 548.]

Moreover, the contention raised by appellant in all of the six counts now called in question, is that the evidence in each was insufficient to support the judgment therein rendered. In such situation, the appellant must abstract all of the evidence of all the witnesses. It need not be set out by question and answer, but the substance of all the testimony must be shown, and while it may be in the narrative form, this must be in the narrative of the witnesses and not in that of counsel preparing the abstract. [Fronk v. Fronk, 159 Mo. App. 543, 549. See also on this point Nash v. Kansas City, etc. Brick Co., 109 Mo. App. 600, 609.] It will not do for appellant to ''cull over the record'' and present such evidence as he may think pertinent or material. [Epstein v. Hammerslough Clothing Co., 67 Mo.

App. 221, 231. See also Gorka v. Gorka, 295 S. W. 515; Harrison v. Pounds, 190 Mo. 349, 351; Smith v. Wilson, 296 S. W. 1036, 1039.]

Furthermore, we are compelled to say that the statement does not present the case in any understandable form. It possibly may be clear to one who tried the case and has studied it so long that the relation and bearing of every piece or item of testimony is readily apparent; but not to any one else. For instance, the case is one in fifteen counts, while the record is presented as if it were one of a single count. That is to say, the evidence, such of it as is included in the abstract, is put in without anything to show to which count any particular portion of such evidence relates. Hence, in endeavoring to ascertain what the record shows as to the evidence supporting any particular count, it is a hopeless task to endeavor to obtain a correct view thereon. The statement gives one no clue as to this. It speaks about a contract or perhaps two of them, sets forth a number of the provisions thereof, but does not give the court any idea of the testimony offered in the case or of its bearing thereon or of the count to which it is intended to apply. A failure to file a clear and complete statement of the case is fatal, and a failure to furnish such statement cannot be waived or stipulated away by counsel. [Daniel v. Buns, 283 S. W. 749, 750; Wade v. Banker's Life Assn., 145 Mo. App. 172.] The penalty for such failure is dismissal. [Our Rules 15 and 18; Farm Mortgage, etc. Loan Co. v. Schubert, 271 S. W. 873; Lane v. Lane, 17 S. W. (2d) 585, 586. See also Sec. 1060, R. S. Mo. 1929; 2 Mo. St. Ann., p. 1341; and Flannigan Milling Co. v. City of St. Louis, 222 Mo. 306, 309, where Judge LAMM says: ''If there is one thing more firmly settled than another it is that, . . . we will not go to that transcript to spy out those things essential to . . . *nor for matter essential to an understanding of points to be decided.* These things, under our rules, must be abstracted *in print.*'' (Italics the court's.) As to the defective abstract see also Bondurant v. Raven Coal Co., 25 S. D. (2d) 566.

In view of all the foregoing, we see no escape from the necessity of dismissing the appeal for either one or both of the aforesaid violations of the rules in relation to the presentation of appeals. It is not a matter within our discretion. It is our duty to enforce the rules made to further the purpose and efficient dispatch of business.

The appeal is, therefore, dismissed. All concur.