PETE RAMSEL, APPELLANT, v. F. H. DRIER ET AL., RESPONDENTS.— 63 S. W. (2d) 1005.

Kansas City Court of Appeals. September 11, 1933.

*Randolph & Randolph* and *A. O. Delaney* for appellant.

*Alcid Bowers* for respondents.

TRIMBLE, J.—This is a suit on a promissory note for $500, dated October 2, 1929, due five months after date with interest at six per cent per annum from and after March 1, 1930. The action was brought May 29, 1930, and on February 19, 1931, defendants filed amended answer in which they set up:

1. That they admit the execution of the note sued on but assert that it was given without consideration.

2. That said note was given for the second payment of $500 due on the purchase price of forty acres of land in Doniphan county, Kansas, under a contract in which plaintiff agreed to sell said lands to plaintiff free and clear of encumbrance, which said lands plaintiff agreed to point out to defendants, but that plaintiff perpetrated a

fraud upon them in that he did not point out to defendants the land which he afterward conveyed to them and that said land so conveyed was encumbered with a mortgage of $6000, by means of all which a fraud was perpetrated upon defendants. The said amended answer prayed for judgment in defendants' behalf on the cause of action sued on by plaintiff, and for the recovery of the *first* payment of $500 on the contract and for the sum of $1000 as punitive or exemplary damages.

Plaintiff filed a reply setting up a plea of *res adjudicata* to the matters in defendants' answer, stating that in a suit, brought in the District Court of Doniphan County, Kansas, by defendants against plaintiff on January 23, 1930, all of said matters and issues stated and sought to be raised in defendants' answer here " had been decided adversely to them. Thereupon, on May 21, 1931, defendants filed another pleading which the record denominates a "reply to plaintiff's reply" in which they deny that all of the issues made, or which could have been made, in said Doniphan County suit were raised therein since at that time they did not know that the land, which in the contract was to be free and clear of all liens, was in reality encumbered for $6000.

The cause involved herein was thereupon tried before the court and a jury, which rendered a verdict in plaintiff's behalf for the amount of the note sued on, and for the defendants in the cause of action raised in their answer for $500 actual and $536 exemplary damages. Thereupon the plaintiff appealed.

The appeal was returnable to the October, 1932, term of the appellate court, and it was, therefore, plaintiff's duty as appellant, under Section 1028, Revised Statutes 1929, and our Rule 15 (made pursuant to the authority given by Section 1029 of said statutes) to serve a copy of his abstract, etc., "at least twenty days before the day on which the cause is docketed for hearing" (in this instance, October 5, 1932), upon the attorney for the respondents (defendants herein) and, pursuant to that duty, appellant (plaintiff) caused to be served on respondents' counsel (Mr. Alcid Bowers), on the 14th of September, 1932, a copy of his "Abstract of the Record." This copy, served on respondents' counsel, showed a bill of exceptions which preserved *no* exceptions to the overruling of plaintiff-appellant's motion for new trial; but the copy of the abstract on which defendant-respondents' counsel endorsed acknowledgment of service, when filed in this court and examined at the hearing of the appeal, disclosed that on page 83 of the abstract, where the exception to the overruling of the motion for new trial should have appeared but did not, had another page 83 superimposed upon and carefully pasted over it, so that to ordinary use and observation, the two pages appeared as one, and in this superimposed page, which the other page 83 did not have, was contained in print the necessary preservation of the exception. Nothing of this

situation was known until respondents' attorney, in argument, referred to his point and motion, that no exception to the overruling of the motion for new trial had been saved, when he was interrupted by the court saying the record on file showed such exception, and thereupon the pasted in or superimposed page 83 was discovered. Respondents' counsel was then given ten days in which to file "a certified transcript of that part of the bill of exceptions which shows the action of the trial court in ruling upon appellant's motion for new trial." This was done on October 8, 1932, and such certified transcript shows no exception taken or saved to the ruling of the court on said motion for new trial. In the meantime the case had been assigned for the writing of an opinion. On December 17, 1932, counsel for respondents renewed his point, by filing a motion to strike said abstract from the files based upon the facts alleged to have been discovered as heretofore stated. In the preparation of the opinion there was found among the files of the court a certified copy of an application purporting to have been filed by plaintiff in the trial court, in which it is recited "that by error of the court reporter and plaintiff's attorney the transcript of the testimony which was allowed as a bill of exceptions failed to note therein an exception to the order of the court in overruling plaintiff's motion for new trial. That under the recognized rules of practice in this court and the common and accepted practice of both bench and bar in this court, all exceptions to adverse rulings of the court are considered as saved by counsel without asking that special note thereof be made at the time." There is also a certified copy of the *order* entered upon the application. Said order recites in substance that it was the common practice in the court, that exceptions were considered saved to adverse rulings, and—"Wherefore, it is ordered by the court that plaintiff's bill of exceptions be, and the same is hereby, amended to show on page 61 thereof after the order overruling plaintiff's motion for new trial that under the recognized rules of practice in this court and the common accepted practice by both bench and bar in the trial of all cases in this court, exceptions to the court's order overruling plaintiff's motion for new trial is considered as made and saved without counsel for plaintiff having asked that special note be made thereof at the time."

It will be noted that this order does not purport to or direct that the bill of exceptions be amended by including therein an exception to the action of the court on the motion for new trial. It merely amends the bill of exceptions so as to state therein the rules of practice of the court. This order was a nullity for the reason, among others, that the application did not state facts sufficient to warrant the court in ordering an amendment of the bill of exceptions. The rule or custom that exceptions were presumed to be saved to adverse

rulings was held insufficient to authorize an amendment of the bill in Tyon v. Wabash Railway Company, 207 Mo. App. 332, 335.

In the Tyon case it was recited in the bill of exceptions that *an exception was in fact saved* at the time of the ruling on the motion for new trial.

It was also recited in the bill, above the signature of the trial judge; that an exception *was not saved* at the time of the ruling "but were (was) subsequently inserted by the official stenographer pursuant to the custom" of the court. The appellate court held that the recital that an exception was not saved was of no force, basing its ruling upon the statute, now Section 1010, Revised Statutes 1929.

In the case of Fiorine v. Wabash Railway Company, 260 S. W. 123, the appellant sought to show that his abstract of the record was incorrect with respect to an instruction. The court said: "To permit plaintiff to falsify his own record in this way would be without precedent and contrary to Section 1470, Revised Statutes 1919 (now Sec. 1028, R. S. 1929), and Rule 15 of this court. We must take the record as we find it." In determining an appeal we will look to the printed abstracts though a full transcript was brought up. [Flanagan Milling Co. v. City of St. Louis, 222 Mo. 306, 309; Section 1028, R. S. 1929.]

When our former opinion was written (December 12, 1932) we were not familiar with the facts and the situation, as we now are; nor was defendants' counsel fully aware of them, or even have an intimation of them, until practically at the close of the original hearing. And, for this reason he did not comply with the amendment of March 3, 1924, to our Rule 15. For this reason we, in the first opinion, would not "presume that the abstracts were altered after a copy thereof was delivered to defendants' counsel." However, we are in a different situation now. Without charging or even intimating any intentional wrongful conduct on the part of the youthful counsel for plaintiff, it would seem that, after obtaining the order attempting to amend the bill of exceptions (which did not amend as we have stated), said counsel sought, by superimposing the pasted-in page 83 upon the original page 83 of the abstract, being *his construction* of the amending order made by the circuit court, and that, too, without saying anything to either opposing counsel or to this court about it. His construction of the legal effect of said so-called amending order unfortunately was incorrect and said order did *not* correct the bill so as to show an exception was taken or preserved to the overruling of the motion for new trial. The result is that appellant is here, not only with no such showing, but with an abstract which was not served on respondents' counsel as the statute requires. The second hearing of this case on appeal, we omitted to say, was brought about by our granting a rehearing on our own motion (overruling respondents' motion for rehearing) in order that the "mix-up" could be clearly

unravelled and the true facts in the matter revealed. It may, perhaps, be well to say, in passing, that on neither hearing nor argument in open court of this case, were we favored by the presence of, or an oral presentation of the case by, appellant's counsel.

Under all of the foregoing facts, we are without authority to go into the bill of exceptions, and since no points are made nor defense raised, affecting the trial court's judgment except as to matters of exception, we are constrained to affirm the judgment. It is so ordered. All concur.