LOUISE EVANS, BY NEXT FRIEND, JOHN EVANS, RESPONDENT, v. SAM HILLIARD, APPELLANT.—112 S. W. (2d) 886.

Kansas City Court of Appeals.  February 11, 1938.

*Thos. C. Swanson* and *John A. McGuire* for respondent.

*Sprinkle & Knowles* for appellant.

SHAIN, P. J.—We conclude that our disposition of this case will be better understood by inserting here the first and last sentence of rule No. 16 of this court as follows:

"In compliance with section 863, Revised Statutes 1899, the statement filed by the appellant shall consist of a clear and concise statement of the case without argument, reference to issues of law or repetition of testimony of witnesses.

. . . . .

The purpose of this rule is to enable the court to be informed of the material facts of the case by the statements, without being compelled to glean them from the abstract of the record."

The first three paragraphs of appellant's statement are as follows:

"Plaintiff's case was tried upon her amended petition for damages which charged negligence under the last chance doctrine, as well as primary negligence in failing to keep a lookout (R. 1).

"Plaintiff sought to recover damages against the defendant by reason of alleged injuries which occurred on or about March 24, 1935, by reason of the collision of two automobiles, which collision occurred on Van Horn Road between the city limits of Kansas City, Missouri,

and Independence, Missouri. The plaintiff was riding in an automobile operated by one Sam Maycock. It was a four-door Plymouth sedan, and seated in the front seat was the plaintiff's sister, and seated in the back seat with the plaintiff was another sister, and that sister's husband.

"On the evening of the above date the plaintiff, a girl of fourteen years, and her mother and father, and plaintiff's boy friend had returned home from a dance. The plaintiff and her boy friend went to a neighbor's next door where a party was in progress, at which party her sisters were guests. They left this party about 2:30 A. M., and first delivered the plaintiff's boy friend home. Then after that the remaining passengers in the car, which have been listed above, drove back to Van Horn Road, which is a four-lane concrete highway, and first drove west upon Van Horn Road seeking an eating place. At that time of the morning they did not find one in that direction, so they turned around and started back east on Van Horn Road. The collision occurred two or three miles east of the point where they had previously turned around on the highway, and to the south and a little west of a hamburger stand that the plaintiff and others had discovered and had been looking for as they were traveling east on the highway."

Following the above, the statement contains thirteen pages wherein the appellant takes up each witness and purports to give a narration of the testimony of each.

Thereafter the statement concludes as follows:

"The jury rendered a verdict in favor of the plaintiff and against the defendant in the sum of $7500.00 (R. 5). The record further discloses that in support of defendant's motion for a new trial numerous affidavits of the jurors were filed indicating that a portion of the jury had gone to the scene of the accident and made a private investigation and discussed what had been found before and after going to the jury room. After those affidavits were filed the plaintiff filed some affidavits but voluntarily remitted $2500.00. After that voluntary *remittitur* the court overruled the motion for a new trial and the case reaches this court upon appeal."

In appellant's statement we are told that plaintiff's petition charged negligence under the last chance doctrine, and primary negligence in failing to keep a lookout, and that plaintiff seeks to recover damages against the defendant by reason of alleged injuries received March 24, 1935, by reason of the collision of two automobiles at a place on Van Horn Road near a hamburger stand.

Such does not constitute any statement of the case that informs the court of the material facts. It is not even disclosed that defendant's car was in the collision.

By a reading of the appellant's conclusions as to what the witnesses testified to, we are informed that the collision, in which plain-

tiff claims to have been injured, was between a car in which plaintiff was riding and one driven by the defendant. However, the appellant having failed to make a statement of the facts and having but informed us that humanitarian issue was involved, we are left to glean, insofar as the statement is concerned, the material facts from appellant's statement of his conclusions as to the testimony of the various witnesses.

Paragraph No. 3 of appellant's statement, set out above, is characteristic of his statement as to the testimony of witnesses, in that it principally deals with matters that have no bearing upon any issue involved in a humaniarian case. Further, the appellant's statement of the testimony appears to be a gleaning of facts that he concludes are deducible from the testimony, and from which it might appear plaintiff had no cause of action to submit to the jury. Of and concerning appellant's abbreviated statement of the testimony of the witnesses, the respondent in a brief filed states:

"The statement of facts as found in appellant's brief is noteworthy for its omission of very relevant and cogent testimony supporting respondent's case and her right of recovery herein."

There is filed in this case an abstract of the record consisting of 350 pages.

Insofar as the appellant's statement is concerned, it almost wholly fails to meet any requirement prescribed by our rule No. 16. For us to review this case we would be compelled to go to the voluminous record and, at the expense of much time and research, ascertain the facts and issues and formulate a statement from which we might make an intelligent review. However, it is the duty of the appellant to furnish the court of review with a clear and concise statement informing the court of the material facts of the case. This he has not done.

The appellate courts of this state have repeatedly held that a failure to comply with the rule as to statement is fatal and that appellate courts will not go to the transcript to spy out those things essential to a statement.

In Euler v. State Highway, 55 S. W. (2d) 719, this court said:

"A failure to file a clear and complete statement of the case is fatal, and a failure to furnish such statement cannot be waived or stipulated away by counsel. [Daniel v. Burns (Mo. App.), 283 S. W. 749, 750; Wade v. Bankers' Life Ass'n, 145 Mo. App. 172, 129 S. W. 1004.] The penalty for such failure is dismissal. [Our rules 15 and 18; Farm Mortgage & Loan Co. v. Schubert (Mo. App.), 271 S. W. 873; Lane v. Lane (Mo. App.), 17 S. W. (2d) 584, 585, 586.] See, also, section 1060, R. S. Mo. 1929, Mo. St. Ann., 1060; and Flamagan Milling Co. v. City of St. Louis, 222 Mo. 306, 309, 121 S. W. 112, 113, where Judge LAMM says: 'If there is one thing more firmly settled than another, it is that, . . . we will not go to the

transcript to spy out those things essential to . . . *nor for matter essential to an understanding of points to be decided.* These things, under our rules, must be abstracted *in print.*' (Italics the court's.) As to defective abstract, see, also, Bondurant v. Raven Coal Co. (Mo. App.), 25 S. W. (2d) 566.''

The appellant in the above case brought mandamus proceedings in the Supreme Court to compel this court to review. This court was upheld in its ruling. [State v. Shain, 62 S. W. (2d) 711.]

The defects as to statement were not called to our attention by respondent and no motion to dismiss was filed by respondent. However, as stated in Euler v. State Highway Commission, supra, ''A failure to file a clear and complete statement of the case is fatal, and a failure to furnish such statement cannot be waived or stipulated away by counsel.''

The rules of our appellate court are to the end of an intelligent review and to expedite the business of the court so as to avoid the ''law's delay.'' Flagrant violations of these rules defeat the purposes and we can not pass them by unchallenged.

We have examined the record proper and find nothing therein upon which to base action on review.

For reasons given above, the appeal in this case is dismissed.

All concur.